IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| TRAXCELL TECHNOLOGIES, LLC, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 2:17-cv-00718-RWS-RSP |
| | § | |
| AT&T CORP. AND AT&T MOBILITY LLC, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed its Motion for Leave to Serve Amended Infringement Contentions [Dkt. #87]. Defendants then filed their Response in Opposition [Dkt. #95]. The issue in dispute here is whether good cause is present for filing the Amended Infringement Contentions. After consideration, the Court concludes that Plaintiff has shown sufficient good cause. The Motion for Leave to Serve Amended Infringement Contentions is therefore GRANTED.

### I. BACKGROUND

Plaintiff argues that it properly asserted Google Maps in its Initial Infringement Contentions [Dkt. #95-4]. Pl.'s Mot. at 3–6. Plaintiff states that the "amended Infringement Contentions, with reference to Exhibit 3 of the Ramey Declaration, provided more specificity as requested by [Defendants] in their July 25, 2018 letter, but no[] new contentions were made." *Id*. at 6. Defendants argue that Plaintiff only "made passing

references to 'Google Maps . . . [and] other Location-Based Service provider (LBS) application[s]' in the introductory section for only certain claim limitations [within the contentions], but certainly did not provide detailed allegations of how it contended that Google Maps met the limitations of the asserted claims." Defs.' Response at 3. Defendants contend that Plaintiff's Initial Infringement Contentions did not meet the Local Patent Rules as they did not provide a limitation-by-limitation disclosure of Google Maps. *Id.* at 3.

Within the Initial Infringement Contentions, AT&T Navigator and Google Maps appear to be two "Location-Based Service providers." *See*, *e.g.*, Initial Infringement Contentions at 24, 30, 35, 44 [Dkt. #87-4] (". . . Google Maps, AT&T Navigator or other Location-Based Service provider (LBS). . . ."). Plaintiff references Google Maps for all but three of the claim limitations that it referenced AT&T Navigator. *See id.* at 55–62. For these three claim limitations, Plaintiff references "LBS-providers" generally as meeting the limitations. *Id.* In most of the instances where Google Maps is discussed, Plaintiff states "Google Maps, AT&T Navigator or other Location-Based Service provider (LBS)" will meet the claim limitation. *See*, *e.g.*, *id.* at 15, 24, 44, 49. Then the Initial Infringement Contentions depict or discuss how AT&T Navigator satisfies the limitations of the claim without discussing Google Maps any further. *See*, *e.g.*, *id.*

Google Maps is discussed in greater detail for two claim limitations.[1] In the Initial Infringement Contentions, screenshots are provided for AT&T Navigator but not for

---

[1] *See* Initial Infringement Contentions at 30 ("In using Google Maps App, the mobile wireless communication device's motherboard processor generates signals for displaying on the device's screen a blue dot that shows the current location of the wireless mobile communication device. The Google map app estimates the location of the

Google Maps. *See generally id*. The Amended Infringement Contentions contained new screenshots of Google Maps, and Plaintiff used these screenshots to point out how some of the claim limitations would be satisfied. Am. Infringement Contentions [Dkt. #87-6]. Alongside these screenshots, Plaintiff provides greater detail on how Google Maps meets certain claim limitations. *Id*.

Plaintiff argues that Defendants requested new infringement contentions and that its Amended Infringement Contentions were merely being provided to accommodate this request. Pl.'s Mot. at 3 (citing Letter from Deol to Ramey (July 25, 2018) [Dkt. #87-3]). Defendants contend that they were only requesting more specificity with respect to AT&T Navigator. Defs.' Response at 4–5. Defendants argue they made it clear that Plaintiff was not to expand the scope of the infringement contentions with respect to Google Maps. *Id*.

To support their argument, Defendants provide correspondence with Plaintiff's counsel. They first provide a June 26 Letter from Defendants' counsel to Plaintiff's counsel. Letter from Ludlam to Ramey (June 26, 2018) at 3, 4 [Dkt. #95-6]. This letter stated that "[s]uch supplemental claim charts must narrow, and not expand, [Plaintiff's] existing, inadequate disclosures, and therefore state with specificity where each element is located in the previously accused products. . . . [Plaintiff's] Contentions are limited to AT&T Navigator for the '388 patent. [Defendants consider] any other product or system

---

device from 3 sources: GPS (GPS uses satellites and knows your location within a few meters), Wi-Fi (the location of nearby Wi-Fi networks helps Maps know where you are), and cell towers (cell tower can be accurate up to a few thousand meters). When Google Maps isn't sure about your location, a light blue circle around the blue dot is shown. You might be anywhere within the light blue circle. The smaller the circle, the more certain the app is about your location."); *id*. at 35–36 ("When internet is slow or mobile data is expensive, or communication device cannot connect to internet, an area can be saved to the mobile wireless communications device from Google maps app and used when offline.").

not properly accused or charted, and therefore, not a part of [Plaintiff's] infringement allegations." *Id*.

Plaintiff also provides a July 25, 2018 Letter from Defendants' counsel to Plaintiffs' counsel. Deol Letter at 3, 5 [Dkt. #87-3]. This letter stated that "[t]he supplementation must narrow the contentions to provide [Plaintiff's] specific allegations of infringement" and that "in the event [Plaintiff] improperly expands the scope of its infringement allegations, [Defendants] will oppose such supplementation and will seek Court intervention to strike any broadened allegations." *Id*. at 3. The Deol Letter later states that "[Plaintiff's Initial] Infringement Contentions identify and include charts only for AT&T Navigator for the '388 Patent." *Id*. at 5.

## II. LEGAL STANDARD

Local Patent Rule 3-1 requires a Plaintiff to state "[s]eparately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware." P.R. 3-1(b). The rule then states that the "identification shall be as specific as possible." *Id*. Subsection (c) of Patent Rule 3-1 requires a chart identifying specifically where each element of each asserted claim is found within each accused instrumentality. P.R. 3-1(c).

Local Rule 3-6 sets forth when Amending Contentions may be filed. P. R. 3-6. Because subsection (a) is not applicable here,[2] Plaintiff must satisfy the requirements of

---

[2] Subsection (a) deals with amendments being made after a Claim Construction Ruling. No Claim Construction has occurred for this case, so subsection (a) is inapplicable here.

subsection (b). This subsection requires that an Amending Contention may only be filed "by order of the Court, which shall be entered only upon a showing of good cause." P. R. 3-6(b).

The Court considers four factors in determining whether good cause is shown: (1) the explanation for the failure to timely move to for leave to amend, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows the thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003); *Team Worldwide Corp. v. Wal-Mart Stores, Inc.*, No. 2:17-CV-00235-JRG, 2018 WL 3533362, at *3 (E.D. Tex. July 23, 2018).

### III. ANALYSIS

#### a. Plaintiff's Initial Infringement Contentions Were Adequate with Respect to Google Maps.

The parties dispute whether Plaintiff's Infringement Contentions were adequate with respect to Google Maps. Defendants contend that Plaintiff did not meet the Local Patent Rules as it did not provide a limitation-by-limitation disclosure of Google Maps in the infringement contentions. Defs.' Response at 3. The Court concludes that the Initial Infringement Contentions were adequate.

The accused instrumentalities here are wireless cellular telecommunications networks. Compl. at ¶ 11 [Dkt. #1]. Google Maps is one of the applications that may be used within the accused instrumentalities, but the application itself is not an accused

subsection (b). This subsection requires that an Amending Contention may only be filed "by order of the Court, which shall be entered only upon a showing of good cause." P. R. 3-6(b).

The Court considers four factors in determining whether good cause is shown: (1) the explanation for the failure to timely move to for leave to amend, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows the thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003); *Team Worldwide Corp. v. Wal-Mart Stores, Inc.*, No. 2:17-CV-00235-JRG, 2018 WL 3533362, at *3 (E.D. Tex. July 23, 2018).

### III. ANALYSIS

#### a. Plaintiff's Initial Infringement Contentions Were Adequate with Respect to Google Maps.

The parties dispute whether Plaintiff's Infringement Contentions were adequate with respect to Google Maps. Defendants contend that Plaintiff did not meet the Local Patent Rules as it did not provide a limitation-by-limitation disclosure of Google Maps in the infringement contentions. Defs.' Response at 3. The Court concludes that the Initial Infringement Contentions were adequate.

The accused instrumentalities here are wireless cellular telecommunications networks. Compl. at ¶ 11 [Dkt. #1]. Google Maps is one of the applications that may be used within the accused instrumentalities, but the application itself is not an accused

instrumentality here. Accordingly, Plaintiff did not fail to meet the requirements of P.R. 3-1 with respect to Google Maps.

To the extent that Plaintiff was required to provide detail on how the networks infringe when Google Maps is used, Plaintiff satisfied the requirements within the Local Rules. Google Maps was referenced in detail within the discussion for two of the claim terms. While the Initial Infringement Contentions frequently used AT&T Navigator as an example to demonstrate how Location-Based Service Providers would meet the claims, Google Maps serves as another Location-Based Service Provider that would largely operate in the same fashion. And for each of the relevant claim terms, Google Maps was referenced within the Initial Infringement Contentions in some form.[3]

The Court concludes that Plaintiff's Initial Infringement Contentions properly included Google Maps and that Plaintiff's infringement claims include systems using either Google Maps or AT&T Navigator.

> **b. Good Cause is Present Here, so Plaintiff Should be Permitted to Amend its Infringement Contentions**
>
> > **i. Plaintiff Provided an Adequate Explanation for Failing to Provide More Specific Infringement Contentions at an Earlier Time, Suggesting that Good Cause is Present.**

The first factor, the explanation for the failure to provide the information at an earlier time, suggests that good cause is present. Plaintiff had no reason to provide more specific contentions until Defendants' requests for more specificity. Upon

---

[3] The Initial Infringement Contentions present Google Maps as a LBS provider. See, e.g., Initial Infringement Contentions at 15, 24, 44, 49. While Google Maps was not explicitly referenced for the final three claim limitations, Plaintiff states that "LBS providers" will satisfy the claims. *See id.* at 55–62.

Defendants request for more specificity, Plaintiff acted reasonably by amending its Initial Infringement Contentions with respect to Google Maps.

Plaintiff had little reason to amend its Initial Infringement Contentions until Defendants raised concerns with the specificity of the Contentions. The Court has already concluded that the Initial Infringement Contentions contained sufficient specificity with respect to Google Maps. Thus, an amendment to the Contentions appeared unnecessary until Defendants' letters were sent.

Defendants argue that they were not requesting for Plaintiff to amend its Initial Infringement Contentions with respect to portions discussing Google Maps. *See supra* 3–4. Defendants' request sought more specificity as to AT&T Navigator. *Id*. Defendants took the position that the Initial Infringement Contentions were inadequate with respect to Google Maps. Ludlam Letter at 3, 4. Therefore, Defendants contend they made it clear that Plaintiff should not add any detail regarding Google Maps. Deol Letter at 5.

Defendants' position is based on the premise that the Initial Infringement Contentions were inadequate with respect to Google Maps. However, the Court has already concluded that Google Maps was properly asserted in the infringement contentions. Operating under the belief that Google Maps was properly a part of the Initial Infringement Contentions, Plaintiff acted reasonably in amending the contentions with respect to Google Maps.

Because Plaintiff acted reasonably in not seeking to amend its Initial Infringement Contentions until the Defendants' request, the Court is convinced that an

adequate justification has been provided for Plaintiff's failure to provide this information at an earlier time. Accordingly, this factor suggests that good cause has been shown.

> ### ii. Plaintiff has Failed to Show Why Allowing Infringement Contentions is Important to its Case, Suggesting that Good Cause is Not Present.

Plaintiff argues that a denial of this motion would prevent it from addressing the issues. Pl.'s Mot. at 3. While this may be true, Plaintiff does not provide an explanation for how it will be impacted if it is prevented from addressing the issues. Accordingly, this factor favors Defendant.

> ### iii. Any Prejudice to the Defendants is Limited Because the Case is Early in Proceedings and Because Google Maps is Referenced Within the Contentions.

The third factor, prejudice to the Defendants if the Motion is granted, favors Plaintiff. If this Motion were granted, Defendants will be prejudiced in some degree, but this prejudice would be limited because the litigation is in its early stages and because the Initial Infringement Contentions provided notice that Google Maps was being asserted.

The infringement contentions mention Google Maps several times, putting Defendants on notice that Plaintiff would use Google Maps in its infringement case. Because Google Maps was referenced in some form for each relevant claim term, the prejudice to Defendants is lessened significantly.

This litigation is still in the early stages. Trial is set for October 21, 2019, almost a full year away. Docket Control Order at 1 [Dkt. #45]. A Claim Construction Hearing is currently set for April 2, 2019. *Id*. at 3. Most recently, Defendants was scheduled to serve Invalidity Contentions on July 26, 2018. *Id*. at 4.

Defendants asserts that parties have been engaged in discovery for almost four months and that granting this motion would essentially require Defendants re-do much of its discovery. Defs.' Response at 13. AT&T states that it "has responded to numerous interrogatories, collected, reviewed and produced numerous documents, served invalidity contentions, and is preparing for claim construction, and claim construction efforts to date." *Id*.

While Defendants claim that they has undertaken significant amounts of discovery, Defendants still have sufficient time to complete discovery with Google Maps being considered within the infringement contentions. While it is true that Defendants would be prejudiced to some degree if this Motion were granted, the amount of prejudice to Defendants would be limited.

Accordingly, the third and fourth factors both favor a conclusion that good cause is present here.

## IV. CONCLUSION

The Court concludes that Plaintiff's Initial Infringement Contentions were adequate with respect to Google Maps. Further, after weighing the factors, the Court concludes that good cause has been shown for amending the Initial Infringement Contentions. Accordingly, the Court will GRANT Plaintiff's Motion for Leave to Serve Amended Infringement Contentions [Dkt. #87].

**SIGNED this 21st day of November, 2018.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE