IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| TRAXCELL TECHNOLOGIES, LLC, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 2:17-cv-00718-RWS-RSP |
| | § | |
| AT&T, INC. ET AL, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Traxcell filed its Motion for Leave to Serve Amended Infringement Contentions [Dkt. #92]. Consolidated Defendants Sprint Communications Company, LP, Sprint Spectrum LP, and Sprint Solutions, Inc. (collectively "Sprint") then filed their Response in Opposition [Dkt. #100]. The issue in dispute here is whether good cause is present for filing the Amended Infringement Contentions. After consideration, the Court concludes that Traxcell has shown sufficient good cause. Plaintiff's Motion for Leave to Serve Amended Infringement Contentions is therefore GRANTED.

I. BACKGROUND

Traxcell accuses Sprint of infringing U.S. Patent Nos. 8,977,284 ("'284 Patent"), 9,510,320 ("'320 Patent"), 9,642,024 ("'024 Patent"), and 9,549,388 ("'388 Patent"). Compl. at 1, *Traxcell Technologies, LLC v. Sprint Communications Company, LP et al*, 2:17-cv-00719-RWS-RSP (E.D. Tex. Oct. 31, 2017) [Dkt. #1]. On April 12, 2018, Traxcell served its Initial Infringement Contentions on Sprint. Pl.'s Mot. at 2; Defs.' Resp. at 2. According to Sprint, the only Sprint products identified as allegedly infringing for the '284,

'320, and '024 Patents were products loaded with or executing Samsung Smart SON and Samsung CognitiV Analytics. Defs.' Resp. at 2.

Traxcell argues that it made a mistake in its Initial Infringement Contentions, so it now seeks to file its Amended Infringement Contentions to correct the mistake. Pl.'s Mot. at 3. Traxcell argues that it has good cause for amending its contentions because Sprint requested amended contentions. *Id*. at 4–6.

Sprint argues that Traxcell improperly expands the scope of the initial infringement contentions. Defs.' Resp. at 1. Sprint acknowledges that it agreed to allow Traxcell to amend its initial Infringement Contentions to clarify Traxcell's infringement positions and to correct errors relating to the AT&T products. *Id*. at 3; Lowery Decl. at ¶ 12; *see also* Email from Justin Lowery, Sprint's Counsel, to William Ramey, Plaintiff's Counsel (August 1, 2018, 4:17 PM) [Dkt. #100-9]. However, Sprint told Plaintiff's counsel by email that "any amendments as to products and software accused must be narrowing and not broadening. To the extent the contentions are broadening, we will move to strike the amended contentions." Lowery Email. Sprint also notes that "the complete claim chart for Claim 1 of the '284 patent grew from 24 pages to 61 pages" and argues that this suggests Traxcell improperly expands the scope of its Initial Infringement Contentions. Defs.' Resp. at 6.

## II. LEGAL STANDARD

The Court considers four factors in determining whether good cause is shown: (1) the explanation for the failure to provide the contentions at an earlier time, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows

the thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *See S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003); *Team Worldwide Corp. v. Wal-Mart Stores, Inc.*, No. 2:17-CV-00235-JRG, 2018 WL 3533362, at *3 (E.D. Tex. July 23, 2018).

### III. ANALYSIS

#### a. Traxcell Provided an Adequate Explanation for its Failure to Provide More Specific Infringement Contentions at an Earlier Time, Suggesting that Good Cause is Present.

The first factor, the explanation for the failure to provide the information at an earlier time, suggests that good cause is present. Traxcell had little reason to provide amended infringement contentions until Sprint presented an issue with the contentions. Upon Sprint's request for an amendment, Traxcell acted reasonably by amending its Initial Infringement Contentions to correct the errors.

The Court concludes that Traxcell did not improperly broaden its infringement contentions. Sprint stated that Traxcell could clarify its infringement contentions and correct errors relating to AT&T products. Defs.' Resp. at 3; Lowery Decl. at ¶ 12. While the claim construction chart grew in size, this does not mean that the Traxcell improperly broadened its contentions. The Court concludes that Traxcell appropriately limited itself to clarifying the contentions and correcting errors.

#### b. Traxcell has Failed to Show Why Allowing Infringement Contentions is Important to its Case, Suggesting that Good Cause is Not Present.

Traxcell argues that a denial of this motion would prevent it from addressing Sprint's purported issues and that typographical errors would not be corrected. Pl.'s Mot.

at 4. While this may be true, Traxcell does not provide an explanation for how it will be impacted if it is prevented from addressing the issues. Accordingly, this factor favors Sprint.

### c. Any Prejudice to the Defendants is Limited Because Sprint Net View Performance Manager is Referenced Within the Complaint and Because the Case is Early in Proceedings.

The third factor, prejudice to the Defendants if the Motion is granted, favors Plaintiff. If this Motion is granted, Defendants will be prejudiced in some degree, but this prejudice would be limited because the litigation is in its early stages and because the Complaint provided notice that Sprint Net View Performance Manager is being asserted.

Defendants asserts that they have spent a significant time responding to interrogatories, developing non-infringement and invalidity positions, and preparing for claim construction based on Plaintiff's initial infringement contentions. Defs.' Resp. at 9. If Traxcell is permitted to file these amended infringement contentions, Defendants assert that they would be forced to re-do much of this work and would cause them to suffer great prejudice. *Id*.

While Plaintiff does not discuss the Sprint Net View Performance Manager application within the Initial Infringement Contentions, the application was referenced within the Complaint. Compl. at 7, 9, 13, 15, 20, 27, *Traxcell Technologies, LLC v. Sprint Communications Company, LP et al*, 2:17-cv-00719-RWS-RSP (E.D. Tex. Oct. 31, 2017) [Dkt. #1]. Consequently, Sprint at least had notice of Traxcell's contention that the Sprint Net View Performance Manager application satisfied certain claim limitations. Because of this notice, decreasing any prejudice to Sprint is lowered.

Further, this litigation is still in the early stages. Trial is set for October 21, 2019, a little under 11 months away. Docket Control Order at 1 [Dkt. #45]. A Claim Construction Hearing is currently set for April 2, 2019. *Id.* at 3. Most recently, Defendants was scheduled to serve Invalidity Contentions on July 26, 2018. *Id.* at 4. While Defendants claim that it has undertaken significant amounts of discovery, Defendants still has sufficient time to complete discovery with Sprint Net View Performance Manager being considered within the infringement contentions. While it is true that Defendants would be prejudiced to some degree if this Motion were granted, the amount of prejudice to Defendants would be limited.

Accordingly, the third and fourth factors both favor a conclusion that good cause is present here.

## IV. CONCLUSION

The Court concludes that good cause has been shown for amending the Initial Infringement Contentions. Accordingly, the Court will GRANT Plaintiff's Motion for Leave to Serve Amended Infringement Contentions [Dkt. #92].

**SIGNED this 4th day of December, 2018.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE