## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| TRAXCELL TECHNOLOGIES, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AT&T CORPORATION, AT&T ) <br> MOBILITY LLC, ) <br> ) <br> Defendants. ) | Civil Action No. 2:17-cv-00718-RWS-RSP <br> LEAD CONSOLIDATED CASE <br><br> JURY TRIAL DEMANDED |

### PLAINTIFF'S MOTION TO LIMIT THE NUMBER OF TERMS TO BE CONSTRUED

### I.  ARGUMENT

It is appropriate to limit the number of patent claim terms to be construed.[1]  "Beyond a limited number, additional claims and claim terms only add to the burdens on the court and jury, as well as the expense for the parties, and are unlikely to change the outcome."[2]  "[I]t behooves the parties to approach the hearing with a sniper rifle, not a blunderbuss."[3]  Here, Defendants seek to have 21 terms construed.[4]

"Claim construction is a matter of resolution of disputed meanings and technical scope, to clarify and when necessary to explain what the patentee covered by the claims, for use in the

---

[1] *Hearing Components, Inc. v. Shure, Inc.*, No. 9:07-cv-104, 2008 U.S. Dist. LEXIS 109230, at *3 (E.D. Tex. June 13, 2008);  *Univ. of Va. Patent Found. v. GE*, No. 3:14cv51, 2015 U.S. Dist. LEXIS 107183, at **18, 19 (W.D. Va. Aug. 14, 2015);  *Norgren Automation Solutions, LLC v PHD, Inc*.,  No. 14-cv-13400, 2015 US Dist LEXIS 132614, at **5, 6 (E.D. Mich. June 22, 2015).

[2] *Norgren Automation Solutions, LLC v PHD, Inc*.,  No. 14-cv-13400, 2015 US Dist LEXIS 132614, at *5 (E.D. Mich. June 22,  2015).

[3] *Bose Corp. v. SDI Techs., Inc*., 828 F. Supp.2d 415, 418 (D. Mass. 2011);  *see also id.* at 425 (reflecting the Court only construed eight sets of related terms).

[4] *See* Exhibit 2, December 17, 2018 e-mail from Saul to Ramey.

1

determination of infringement. It is not an obligatory exercise in redundancy."[5]

"[D]istrict courts are not (and should not be) required to construe every limitation present in a patent's asserted claims."[6]

Some District Courts require that "for the court to be able to determine whether claim construction will be a useful exercise, a party must provide a specific explanation of how a term's disputed meaning relates to the infringement or invalidity disputes."[7] Defendants have not shown how any of the 21 terms are necessary for infringement or validity.

A limitation of 10 terms is common.[8] Moreover, in a related case, case No. 2:17-cv-42, the parties only construed nine terms, including the terms asserted by Defendants to be indefinite.[9]

Thus, Plaintiff requests this Court order that no more than ten (10) patent terms or phrases may be presented to the Court for construction, and, if the parties are unable to agree upon which

---

[5] *U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1568 (Fed. Cir. 1997).

[6] *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008).

[7] *e2Interactive, Inc. v. Blackhawk Network, Inc.*, 3-09-cv-00629, Opinion and Order at 2 (W.D. Wis., April 25, 2011) (attached as Exhibit 2).

[8] *Hearing Components*, 2008 U.S. Dist. LEXIS 109230, at *3 (E.D. Tex. June 13, 2008); *Univ. of Va. Patent Found.*, 2015 U.S. Dist. LEXIS 107183, at *19; *Norgren Automation Solutions*, 2015 US Dist LEXIS 132614, at *5; N.D. Cal. L.P.R. 4-1(b), *available at* http://www.cand.uscourts.gov/localrules/patent (stating, "The parties shall [ ] jointly identify the 10 terms likely to be most significant to resolving the parties' dispute, including those terms for which construction may be case or claim dispositive."); S.D. Cal. L.P.R. 4.2.a., *available at* https://www.casd.uscourts.gov/Rules/SitePages/LocalRules.aspx (requiring the parties identify "the terms whose construction will be most significant to the resolution of the case up to a maximum of ten (10) terms."); N.D. Ill. L.P.R. 4.1(b), *available at* http://www.ilnd.uscourts.gov/_assets/_documents/_forms/_judges/St_Eve/local%20patent%20rules.pdf (stating, "No more than ten (10) terms or phrases may be presented to the Court for construction absent prior leave of court upon a showing of good cause. . . . If the parties are unable to agree upon ten terms, then five shall be allocated to all plaintiffs and five to all defendants. For each term to be presented to the Court, the parties must certify whether it is outcome-determinative."); N.D.N.Y. L.P.R. 4-1(b), *available at https://www.nynd.uscourts.gov/content/local-rule-patent* (stating, "No more than ten (10) patent terms or phrases may be presented to the Court for construction, absent prior leave of Court upon a showing of good cause. . . . If the parties are unable to agree upon which ten (10) terms are to be presented to the Court for construction, then five (5) shall be allocated to all plaintiffs, jointly, and five (5) to all defendants.").

[9] *See* ECF No. 257 and its Exhibits A, B, and C, Joint Claim Construction Chart.

ten (10) terms are to be presented to the Court for construction, then five (5) shall be allocated to Plaintiff and five (5) to all Defendants.[10] Plaintiff alternatively requests this Court order a limit on the number of terms to be construed and division of such limit among the parties in such number and manner as the Court deems appropriate.

## II.  CONCLUSION

Plaintiff requests this Court order that no more than ten (10) patent terms or phrases may be presented to the Court for construction, and, if the parties are unable to agree upon which ten (10) terms are to be presented to the Court for construction, then five (5) shall be allocated to Plaintiff and five (5) to all Defendants.  Plaintiff alternatively requests this Court order a limit on the number of terms to be construed and division of such limit among the parties in such number and manner as the Court deems appropriate.

Respectfully submitted,

**Ramey & Schwaller, LLP**

By: /s/ William P. Ramey, III
    William P. Ramey, III
    Texas Bar No. 24027643
    5020 Montrose Blvd., Suite 750
    Houston, Texas 77006
    Telephone: (713) 426-3923
    Facsimile: (832) 900-4941
    wramey@rameyfirm.com

**Hicks Thomas, LLP**

John B. Thomas (Co-Counsel)
Texas Bar No. 19856150

---

[10] The proposed language of the proposed order is similar to language of local patent rules of the Northern District of Illinois (N.D. Ill. L.P.R. 4.1(b), *available at* http://www.ilnd.uscourts.gov/_assets/_documents/_forms/_judges/St_Eve/local%20patent%20rules.pdf and of the Northern District of New York (N.D.N.Y. L.P.R. 4-1(b), *available at* https://www.nynd.uscourts.gov/content/local-rule-patent).

700 Louisiana Street, Suite 2000
Houston, Texas 77002
Telephone: (713) 547-9100
Facsimile: (713) 547-9150
jthomas@hicks-thomas.com

**Attorneys for Traxcell Technologies, LLC**

### CERTIFICATE OF CONFERENCE

I attempted to confer on December 13, 2018 with all counsel for Defendants regarding this Motion by e-mail in the morning.  Counsel did not reply nor acknowledge the request but did reach out to me for a conference on another matter.  A conference was had on December 14, 2018 where the defendants requested time to consult with one another and their clients.  On December 17, 2018, all counsel for Defendants advised that the were opposed to the motion and felt that 21 terms was reasonable.

/s/ William P. Ramey, III

### CERTIFICATE OF SERVICE

All counsel of record who have appeared in this case are being served today, December 17, 2018, with a copy of the foregoing via the Court's CM/ECF system.

/s/ William P. Ramey, III
William P. Ramey, III