# E2Interactive, Inc. v. Blackhawk Network, Inc.

United States District Court for the Western District of Wisconsin

April 25, 2011, Decided; April 25, 2011, Filed

09-cv-629-slc

**Reporter**
2011 U.S. Dist. LEXIS 164404 *

E2INTERACTIVE, INC. and INTERACTIVE COMMUNICATIONS INTERNATIONAL, INC., Plaintiffs, v. BLACKHAWK NETWORK, INC., Defendant.

## Core Terms

patent, terms, parties, infringing, disputes, summary judgment, invalidated, construing, products, motions, proposed construction, last week, prior art, constructions, requesting, preambles, scheduled, persuade, lawsuit

**Counsel:** [*1] For e2Interactive, Inc., Interactive Communications, International, Inc., Plaintiffs, Counter Defendants: Matthew J. Duchemin, LEAD ATTORNEY, Quarles & Brady, Madison, WI; Robin L. McGrath, LEAD ATTORNEY, David S. Moreland, Paul Hastings LLP, Atlanta, GA; Frank G. Smith, III, George Douglas Medlock, Jr., Holly Hawkins Saporito, Labriah D. Lee, Siraj M. Abhyankar, Alston & Bird LLP, Atlanta, GA.

For Blackhawk Network, Inc., Defendant: Alan M. Fisch, Coke Morgan Stewart, LEAD ATTORNEYS, Caroline Rieger Brownlie, Jason Hoffman, Jeffrey Saltman, Roy William Sigler, Kaye Scholer LLP, Washington, DC; Frank G. Smith, III, Alston & Bird LLP, Atlanta, GA; James Donald Peterson, Jennifer Lynn Gregor, Godfrey & Kahn, S.C., Madison, WI; Joseph Drayton, Kaye Scholer LLP, New York, NY.

For Blackhawk Network, Inc., Counter Claimant: Alan M. Fisch, Coke Morgan Stewart, LEAD ATTORNEYS, Caroline Rieger Brownlie, Jason Hoffman, Kaye Scholer LLP, Washington, DC; Bryan J. Cahill, James Donald Peterson, Godfrey & Kahn, S.C., Madison, WI.

For e2Interactive, Inc., Interactive Communications International, Inc., Counter Defendants: Robin L. McGrath, LEAD ATTORNEY, David S. Moreland, Paul Hastings LLP, Atlanta, [*2] GA; Holly Hawkins Saporito, Labriah D. Lee, Alston & Bird LLP, Atlanta, GA. Matthew J. Duchemin, Quarles & Brady, Madison, WI.

For e2Interactive, Inc., Counter Defendant: Matthew J. Duchemin, LEAD ATTORNEY, Quarles & Brady, Madison, WI; Robin L. McGrath, LEAD ATTORNEY, David S. Moreland, Paul Hastings LLP, Atlanta, GA; Holly Hawkins Saporito, Labriah D. Lee, Alston & Bird LLP, Atlanta, GA.

**Judges:** STEPHEN L. CROCKER, Magistrate Judge.

**Opinion by:** STEPHEN L. CROCKER

## Opinion

OPINION AND ORDER

In this patent lawsuit, plaintiffs e2Interactice, Inc. and Interactive Communications International, Inc. (collectively InComm) allege that defendant Blackhawk Network, Inc. is infringing plaintiffs' U.S. Patent Nos. 7,578,439 (the '439 patent) and 7,630,926 (the '926 patent), related to prepaid gift cards. Dkt. 105. Blackhawk has asserted numerous affirmative defenses and counterclaims, including that the patents-in-suit are unenforceable because of inequitable conduct committed before the United States Patent and Trademark Office. Dkt. 117. InComm has filed a motion requesting construction of 3 terms in the '439 patent and 2 terms in the '926 patent. Dkt. 144. Blackhawk has requested construction of 6 terms in the '439 patent, 3 terms in the '926 patent and the preambles of the independent claims of each patent. Dkt. 142. Upon reconsideration [*3] of oral assurances made on the fly by the court last week, I am denying both motions.

In the preliminary pretrial conference order, dkt. 24, the court explained that it would be each "party's burden to persuade the court that construction of each specified term is necessary to resolve a disputed issue concerning infringement or invalidity." *Id.* at 2. The court has learned from experience to impose this requirement to avoid deciding abstract questions that have no bearing on the lawsuit. "If [an] order represents a mere advisory opinion not addressed to resolving a 'case or

controversy,' then it marks an attempted exercise of judicial authority beyond constitutional bounds. U.S. Const. art. III, § 2." *Socha v. Pollard, 621 F.3d 667, 670 (7th Cir. 2010)*.

In this case, the parties have not explained why construing any of the requested terms is necessary. InComm cursorily states that construction may be relevant to determining infringement or would assist the parties in determining the relative strength of their cases. *See* dkt. 146 at 13, 18, 20 and 34. Although Blackhawk provides a little more information, it fails to explain specifically *how* its proposed constructions are related to disputes about whether the accused products are infringing or the patents are invalidated **[*4]** by prior art. With respect to all of its requested terms, it states only that "if the Court adopts its proposed construction" of the term, then "Blackhawk does not infringe" because its products do not possess the particular element at issue. *See, e.g.*, dkt. 142 at 16, 18 and 19. Essentially, all Blackhawk is saying is that if the court agrees with it, it wins. That's not enough. Blackhawk also offers no explanation of why construction of the preambles is important to the disputes in this case, stating only that they provide "essential structure or steps" and "give life, meaning, and vitality to the claims." *See, e.g., id* at 40, 44 and 45. That's not enough either.

Without a specific explanation about how the disputed meaning of a term relates to the dispute about whether the accused products are infringing or the patents are invalidated by prior art, it is impossible for the court to determine whether claim construction will be a useful exercise. Far too often, construing claim terms in a vacuum leads to additional disputes about the meaning of the court's construction at summary judgment or to revision when the context of the dispute is revealed. Another problem with unsupported requests for construction **[*5]** is that parties sometimes take a shotgun approach and ask for construction terms in hopes of obtaining a few favorable constructions to use during summary judgment; if the court doesn't give the constructions the party wanted, then those terms faded from the case. That's why the parties have to persuade the court that the juice is worth the squeeze.

Last week the parties telephoned the court to ask about the claims construction hearing, fretting that they had not yet gotten a thumbs-up or thumbs-down from the court. Frankly, at that point, the court had not yet carefully reviewed the parties' claims construction briefs because it was finishing work on other litigants' more pressing summary judgment motions. In the interests of cautious planning, I told the parties to plan on attending a claims construction hearing on May 6, 2011 at 9:00 a.m. as conditionally designated in the most recent scheduling order, dkt. 130. But now that I have had time actually to go back and double-check the parties' written submissions, it has become apparent that a hearing is not required because the court will not be construing any of the requested terms at this time.

As this case progresses, if either party **[*6]** continues to believe that construction of claim terms is necessary, then it may ask for construction on summary judgment or at trial, but it will have to makes its case for construction with more rigor than the headline versions now before the court.

ORDER

IT IS ORDERED that the parties' motions for construction of claim terms (dkts. 142 and 144) are DENIED and the hearing scheduled for May 6, 2011 will be cancelled as unnecessary.

Entered this 25 th day of April, 2011.

BY THE COURT:

/s/ STEPHEN L. CROCKER

Magistrate Judge

---

**End of Document**