**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| TRAXCELL TECHNOLOGIES, LLC, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AT&T, INC., AT&T CORPORATION, ) <br> and AT&T MOBILITY LLC, et al. ) <br> ) <br> Defendants. ) | Civil Action No. 2:17-cv-00718-RWS-RSP <br> (Consolidated Lead Case) |

**DEFENDANTS' MOTION TO COMPEL DISCOVERY FROM PLAINTIFF TRAXCELL TECHNOLOGIES, LLC, OR IN THE ALTERNATIVE, MOTION TO PRECLUDE**

Defendants Sprint Communications Company, LP, Sprint Spectrum, LP, Sprint Solutions, Inc., and Verizon Wireless Personal Communications LP (collectively, "Defendants"), pursuant to Federal Rule of Civil Procedure 37(a) and (b), hereby move the Court to compel Plaintiff Traxcell Technologies LLC ("Traxcell") to respond to Defendants' Common Interrogatory No. 7, which requests information about Traxcell's claimed priority date for each of the asserted claims, and to allow Defendants to re-depose Traxcell's corporate witness on the subject of priority and to supplement Defendants' invalidity expert report, as appropriate.

In the alternative, Defendants move the Court to preclude Traxcell from asserting any claim against Defendants for which Traxcell failed to provide the requested discovery. Such a remedy is warranted, as Traxcell ignored Defendants' repeated requests for the priority information throughout the case, only to belatedly agree to provide the information to prevent Defendants from addressing Traxcell's refusal with the Court. Yet Traxcell failed to provide the requested discovery as promised. Subsequently, during a meet and confer just days before the close of fact discovery, Traxcell again promised to provide the withheld information. However, Traxcell's

supplemental interrogatory response, served on the last business day before the close of fact discovery, addressed only ***three*** of the forty-three asserted claims from only ***one*** of the four Asserted Patents. When Defendants pointed out Traxcell's deficiency, Traxcell again failed to provide the requested priority information. As a result of Traxcell's gamesmanship, Defendants are unable to test the legitimacy of Traxcell's claims of priority, and Defendants' invalidity expert is denied the ability to opine on Traxcell's priority claim, or to provide opinions on additional prior art that post-dates Traxcell's priority claims.

## I. FACTUAL BACKGROUND

Traxcell alleges that Defendants infringe forty-three separate claims from four patents (collectively, the "Asserted Patents"). On June 20, 2018, Defendants served their First Set of Common Interrogatories on Traxcell. Because of the importance of establishing the priority date of each of the asserted claims, Defendants asked Traxcell to identify the specific disclosures in Traxcell's purported priority documents that allegedly support the limitations of the asserted claims.[1] On July 20, 2018, in response to Defendants' Common Interrogatory No. 7, Traxcell identified nearly 1,000 pages as "establish[ing] that date of priority for all claims." *See* Exhibit 1, Traxcell's "Answer." On September 28, 2018, Defendants filed a first Motion to Compel Traxcell to respond to Defendants' Common Interrogatory No. 7. *See* Dkt. No. 109. On November 21, 2018, the Court ordered Traxcell to supplement its response to the first portion of Interrogatory No. 7.[2] *See* Dkt. 123 at 1. With respect to the second portion of Interrogatory No. 7,[3] the Court

---

[1]  *See* Exhibit 1, an excerpt from Traxcell's Third Supplemental Responses to Defendants' First Set of Common Interrogatories, at Common Interrogatory No. 7.
[2]  The first portion of Interrogatory No. 7 states, "[f]or each Asserted Claim, identify the priority date to which You contend the Asserted Claim is entitled and the foundation therefor, including (1) a detailed description of the conception and reduction to practice of each of the Asserted Claims, including the specific date of such conception, the specific date of actual or constructive reduction to practice, and all Persons with knowledge of the conception and reduction to practice." Exhibit. 1.
[3]  The second portion of Interrogatory No. 7 states, "(2) to the extent Traxcell contends that one or more of its provisional applications, to which the Patents-in-Suit claim priority, supports one or more claim limitations, identify

denied Defendants' Motion, noting that the interrogatory was a contention interrogatory, that "need not be answered until further discovery has been completed." *Id.* at 4. On December 5, 2018, Traxcell supplemented its response to the first portion of the Interrogatory. *See* Exhibit 1, Traxcell's "Second Supplemental Response."

On May 8, 2019, as fact discovery was coming to a close in just over a month (*see* Dkt. No. 183, at 3), Defendants sent correspondence to Traxcell indicating that the "'stage of discovery' has obviously advanced since the Court's Order was issued, and the Defendants are now entitled to the requested information."[4] Defendants asked Traxcell to "provide the requested discovery by Friday, May 17, 2019, so that Defendants can evaluate Traxcell's claims in preparing Defendants' invalidity expert reports …. If Traxcell refuses to provide this information on or before May 17th, please provide a date/time this week when you are available for a meet and confer." Traxcell did not respond to this correspondence.

On May 17, 2019, Defendants followed up with Traxcell and noted that as Traxcell had not responded to Defendants' request, "we assume that Traxcell is refusing to provide the requested discovery. We therefore intend to file a motion to compel with the Court. Defendants are available at 10:00 am (Central) on Monday (05/20) for the necessary meet and confer. Please let us know if you and your local counsel are available, or propose another time on Monday." Traxcell responded that Monday, requesting an itinerary for the meet and confer, which Defendants promptly provided (stating, "[t]he only issue to be discussed is Traxcell's apparent refusal to answer the second portion of Defendants' Interrogatory No. 7"). Rather than agree to

---

the specific disclosure in such provisional application(s) you contend supports that limitation. Please also Identify any Documents or other evidence in support of the foregoing." Exhibit. 1.

[4] *See* Exhibit 2, an e-mail from Fredericka Sowers, counsel for the Sprint Defendants, to William Ramey, counsel for Traxcell, dated May 8, 2019. Defendants are unable to attach the follow-on correspondence (referenced and quoted herein) based on the page limitations for exhibits set forth in the Standing Order Regarding "Meet and Confer" Obligations Relating to Discovery Disputes. However, Defendants can provide all the follow-on correspondence to the Court on request.

schedule the requested meet and confer, Traxcell responded on May 21, 2019, and stated, "Look, I do not want to fight about either of these issues …. As for the support from the provisional applications *__we will provide it__.* We have already started but give us some time." (emphasis added).

On May 29, 2019, having received nothing from Traxcell in the way of the supplemental discovery (or even an update as to when it would be provided), Defendants contacted Traxcell and asked Traxcell to identify when the supplemental discovery would be provided. Traxcell responded the next day, and indicated, "We are working on it. [W]e anticipate having it in a few weeks." Defendants immediately responded and noted that "discovery closes on June 17th, which is also the expert report deadline. As such, Defendants request that Traxcell provide the interrogatory supplement by June 4th, which is two weeks from when you stated that Traxcell had 'already started' on it (and nearly a month from when Defendants first requested it)." Traxcell did not respond to this correspondence, nor did Traxcell produced the supplemental discovery.

On June 13, 2013, two business days before the close of fact discovery and deadline for the service of opening reports, as Traxcell had still not provided the requested discovery, the parties met and conferred regarding this and several other issues. As noted in an e-mail from Defendants summarizing the meet and confer (which Traxcell did not respond to), "you agreed to supplement the interrogatories over a month ago and had not done so yet. You agreed to go back and provide a supplement no later than tomorrow."

On June 14, 2013 (after 6:00 pm), Traxcell served its Third Supplemental Responses to Defendants' Common Interrogatory No. 7, which incorporated a separately produced chart bearing Bates labels TRX9003610-3798. According to the Supplement, "Traxcell supplements its prior responses with bates range TRX9003610-3798 illustrating Plaintiff's contentions for support from the provisional applications for the claim elements of the Asserted Claims." However, the chart

incorporated into Traxcell's Response references only ***three*** of the forty-three asserted claims from only ***one*** of the four Asserted Patents. The great majority (168) of the 189 pages of the document incorporated by Traxcell either contain no reference to any asserted claim, or are blank.[5]

Defendants immediately contacted Traxcell and informed Traxcell that "[t]he document produced by Traxcell … only identifies claims 1, 11, and 21 from the '388 patent, despite the fact that Traxcell's supplemental interrogatory response states that 'these contentions are not every element of support but at least one from each claim element of an Asserted Claim.' Please either provide the requested support for 'each element of an Asserted Claim' (today, as you previously indicated) or confirm that Traxcell is now only asserting claims 1, 11, and 21 from the '388 patent against Defendants." The following day, Traxcell served the attached Third *Amended* Supplemental Response, which added only the following sentence to the version served the night before: "Further, Plaintiff contends the Disclosure Document provides support for Claims 2-10 of the '388 patent, as shown in TRX9003610-3798." Exhibit 1, at 8. Notably, claims 2-10 were not included in the 189-page chart – nor did Traxcell make any attempt to update that chart.

## II. LEGAL STANDARD

A party is entitled to discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense." FED.R.CIV.P. 26(b)(1).[6] The Local Rules of this District provide that information is "relevant to any party's claim or defense [if]: (1) it includes information that would not support the disclosing parties' contentions; … (3) it is information that is likely to have an

---

[5] Defendants are unable to attach this document based on the page limitations for exhibits set forth in the Standing Order Regarding "Meet and Confer" Obligations Relating to Discovery Disputes. However, Defendants can provide this document to the Court on request.

[6] Relevance, for the purposes of Rule 26(b)(1), exists when the request is reasonably calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(1); *Crosby v. La. Health & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011).

influence on or affect the outcome of a claim or defense; (4) it is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense ...." Local Rule CV-26(d).[7]

### III. ARGUMENT

"[A] patent's claims are not entitled to an earlier priority date merely because [Traxcell] claims that priority." *In re NTP, Inc.*, 654 F.3d 1268, 1276 (Fed. Cir. 2011). Instead, Traxcell bears the burden of proving that the asserted claims are entitled to its claimed priority date. *See, e.g.*, *D Three Enters., LLC v. SunModo Corp.*, 890 F.3d 1042, 1049 (Fed. Cir. 2018). For all forty-three asserted claims, Traxcell claims a priority date of July 27, 2001 – the filing date of its "Disclosure Document." *See* Exhibit 1, at 6. In order to use the filing date of the Disclosure Document as its priority date, Traxcell must establish that the written description of the Disclosure Document adequately supports each of the limitations of the asserted claims. *Amgen Inc. v. Sanofi*, 872 F.3d 1367, 1380 (Fed. Cir. 2017); *see also Ring Plus, Inc. v. Cingular Wireless, LLC*, No. 2:06-CV-159 (DF), 2007 WL 5688765, at *10 (E.D. Tex. July 9, 2007).

Defendants contend that neither Traxcell's Disclosure Document, nor the eight provisional patent applications allegedly derived from the Disclosure Document, adequately support the limitations of the asserted claims. The second portion of Defendants' Common Interrogatory No. 7 attempted to explore this dispute. While the Court denied Defendant's earlier motion to compel on this portion of the Interrogatory, the Court held that "[t]he requested information is relevant, but this is a contention interrogatory … it need not be answered until further discovery has been

---

[7] Rule 37 of the Federal Rules of Civil Procedure provides an avenue through which a party may seek an order compelling a party to respond to discovery. Fed. R. Civ. P. 37(a)(3)(B). While the moving party initially bears the burden to show that the materials and information sought are relevant, once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted. *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006).

completed." Dkt. 123 at 4 (emphasis added). Defendants accordingly waited until further discovery had been completed before again requesting the priority information from Traxcell.

In response, after initially ignoring Defendants' repeated requests, Traxcell **_agreed_** to provide a supplement to Common Interrogatory No. 7. However, Traxcell repeatedly failed to provide the requested discovery, effectively "running out the clock" on the discovery period in the process. Ultimately, on the next-to-last business day before the close of fact discovery (and the due date for Defendants' invalidity expert report), Traxcell supplemented Interrogatory No. 7 for only **_three_** of the forty-three asserted claims from only **_one_** of the four Asserted Patents (*i.e.*, claims 1, 11, and 21 from the '388 patent),. As a result of Traxcell's gamesmanship, Defendants were prevented from testing Traxcell's priority claims via the corporate deposition of Traxcell, and Defendants were unable to address Traxcell's priority claims in their invalidity expert report. Traxcell's egregious litigation tactics should not be rewarded. Traxcell should either be compelled to **_fully respond_** to the second portion of Interrogatory No. 7 (and Defendants should be allowed to re-depose Traxcell's corporate witness on the subject of priority and to supplement Defendants' invalidity expert report as appropriate), or Traxcell should be precluded from asserting any claim against Defendants that Traxcell failed to address in its supplemental interrogatory response (*i.e.*, any claim other than claims 1, 11, and 21 from the '388 patent).

## IV. CONCLUSION

For the reasons set forth above, Defendants request that the Court either compel Traxcell to fully respond to the second portion of Defendants' Common Interrogatory No. 7, and allow Defendants the additional discovery and expert supplementation as set forth above, or preclude Traxcell from asserting any claim against Defendants other than claims 1, 11, and 21 from the '388 patent, or provide any other remedy the Court deems appropriate.

Dated:  June 17, 2019

Respectfully submitted,

*/s/ Justin R. Lowery*
Lead Attorney
Justin R. Lowery (*pro hac vice*)
David E. Finkelson (*pro hac vice*)
MCGUIREWOODS LLP
800 East Canal Street Richmond, VA 23219
Telephone: 804.775.1000
Facsimile: 804.775.1061
jlowery@mcguirewoods.com
dfinkelson@mcguirewoods.com\

Tyler T. VanHoutan
Texas Bar No. 24033290
McGuireWoods LLP
JPMorgan Chase Tower
600 Travis Street
Suite 7500
Houston, TX 77002-2906
Telephone: 832.214.9911
Facsimile: 832.214.9924
tvanhoutan@mcguirewoods.com

Robert W. Weber
Texas Bar No. 21044800
SMITH WEBER LLP
5505 Plaza Drive
Texarkana, TX 75503
Telephone: 903.223.5656
Facsimile: 903.223.5652
bweber@smithweber.com

*Counsel for Sprint Communications Company, LP, Sprint Spectrum, LP, and Sprint Solutions, Inc.*

Jacob K. Baron, Esq.
Email: jacob.baron@hklaw.com
Allison M. Lucier
Email: Allison.Lucier@hklaw.com
William E. Sterling
Email: William.Sterling@hklaw.com
**HOLLAND & KNIGHT LLP**

8

10 Saint James Avenue; 11th Floor
Boston, MA 02116
Telephone: (617) 523-2700
Facsimile: (617) 523-6850

*Counsel for Defendants T-Mobile USA, Inc. and Verizon Wireless Personal Communications LP*

Kevin P. Anderson (DC Bar No. 476504)
kpanderson@duanemorris.com
**DUANE MORRIS LLP**
505 9th Street, N.W.
Suite 1000
Washington, DC  20004
Telephone:  202.776.5213
Facsimile:  202.315.3169

Alison H. Hutton (GA Bar No. 402448)
ahhutton@duanemorris.com
**DUANE MORRIS LLP**
1075 Peachtree Street NE
Suite 2000
Atlanta, Georgia  30309
Telephone:  404.253.6900
Facsimile: 404.253.6901

J. Thad Heartfield
Texas Bar No. 09346800
thad@heartfieldlawfirm.com
**THE HEARTFIELD LAW FIRM**
2195 Dowlen Road
Beaumont, TX 77706
409.866.3318
409.866.5789 *Facsimile*

*Counsel for Verizon Wireless Personal Communications LP*

## **CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(i), I hereby certify that on June 13, 2019, William Ramey, lead counsel for Traxcell, and myself, Tyler VanHoutan, and Robert Weber, lead and local counsel for Defendants, met and conferred on this issue. As he had done at least two separate occasions, counsel for Traxcell indicated during the meet and confer that he would provide the requested discovery. However, Traxcell failed to provide the promised discovery for all but three of the forty-three asserted claims. When Defendants brought this failure to Traxcell's attention (on June 14, 2019), Traxcell refused to further supplement the Interrogatory at issue.

 */s/ Justin R. Lowery*
 Justin R. Lowery

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that all counsel of record who have appeared in this case are being served on this day of June 17, 2019, with a copy of the foregoing via the Court's CM/ECF system.

>	*/s/ Justin R. Lowery*
>	Justin R. Lowery