# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| TRAXCELL TECHNOLOGIES, LLC., *Plaintiff*, v. AT&T CORP. and AT&T MOBILITY LLC, | § § § § § § § § § | Case No. 2:17-cv-00718-RWS-RSP LEAD CASE |
| SPRINT COMMUNICATIONS COMPANY, LP, SPRINT SPECTRUM, LP, and SPRINT SOLUTIONS, INC., | § § § § § | Case No. 2:17-cv-00719-RWS-RSP CONSOLIDATED CASE |
| VERIZON WIRELESS PERSONAL COMMUNICATIONS, LP, *Defendants*. | § § § § § § | Case No. 2:17-cv-00721-RWS-RSP CONSOLIDATED CASE |

## **REPORT AND RECOMMENDATION**

Before the Court is Defendant Verizon Wireless Personal Communications, LP's ("Verizon") Motion for Partial Summary Judgment of No Acts of Infringement of All Asserted Claims of the '388 Patent ("MSJ"). (Dkt. No. 293.) Plaintiff Traxcell Technologies, LLC. ("Traxcell") asserts system claims (claims 1–10), a method claim (claim 11), and an apparatus claim directed at a wireless mobile communications device (claim 21). Verizon contends that Traxcell has failed to produce evidence sufficient to allow a finder of fact to conclude that Verizon directly infringes any of those claims. (Dkt. No. 293.) Verizon also argues that Traxcell failed to produce evidence that Verizon indirectly infringes, especially for any alleged acts of indirect infringement prior to the filing of the Complaint. (*Id*. at 7.)

After consideration, the Court **GRANTS** summary judgment with respect to claims of indirect infringement against Verizon occurring before the filing of the initial complaint. However, the Court recommends that Verizon's MSJ be **DENIED** in all other respects.

### I. APPLICABLE LAW

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. **"If the moving party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'"** *Intellectual Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

## II.     CLAIM 1–10

With respect to the system claims in claims 1–10, Verizon contends that Plaintiff has not shown any direct act of infringement. In other words, Verizon contends that Traxcell has failed to provide evidence that Verizon has made, used, sold, offered to sell, or imported the invention. However, the Court concludes that, at the very least, questions of fact remain as to whether Verizon has made the system as described in claim 1.

Here, independent claim 1 of the '388 Patent is representative of the system claims for the purposes of infringement because the other system claims (claims 2–10) each depend upon claim 1. Claim 1 recites:

> 1. A wireless communications system including:
>
>    a first radio-frequency transceiver within a wireless mobile communications device and an associated first antenna to which the first radio-frequency transceiver is coupled, wherein the first radio-frequency transceiver is *configured for* radio-frequency communication with a wireless communications network;
>
>    a first processor within the wireless mobile communications device coupled to the at least one first radio-frequency transceiver *programmed to receive* a location of the wireless mobile communications device from the wireless communications network and *generate* an indication of a location of the wireless mobile communications device with respect to geographic features according to mapping information stored within the wireless mobile communications device, and wherein the processor *displays* to the user navigation information according to the location of the wireless mobile communications device with respect to the geographic features and a destination specified by the user at the wireless mobile communications device;
>
>    at least one second radio-frequency transceiver and an associated at least one second antenna of the wireless communications network to which the second radio-frequency transceiver is coupled; and
>
>    a second processor coupled to the at least one second radio-frequency transceiver *programmed to determine* the location of the wireless mobile communications device, wherein the second processor selectively *determines* the location of the wireless mobile communications device dependent on the setting of preference flags, wherein the second processor *determines* the location of the wireless mobile communications device if

> the preference flags are set to a state that permits tracking of the user of the wireless mobile communications device and *communicates* the location of the wireless mobile communications device to the first processor via the second radio-frequency transmitter, and wherein the second processor does not determine and communicate the location of the wireless mobile communications device if the preference flags are set to a state that prohibits tracking of the wireless mobile communications device.

(emphasis added).

To "make" a system for purposes of infringement, the accused infringer must combine all of the claim elements. *Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*, 631 F.3d 1279, 1288 (Fed. Cir. 2011). Verizon argues that it cannot infringe because it does not combine all of the claim elements within claim 1. (Dkt. No. 293 at 4.) Verizon argues that it is "the customer that 'makes' the system when combining the customer's 'wireless mobile communications device' with other parts of the system such as the 'second processor' and 'second RF transceiver' as well as the navigation application that the customer downloads and operates." (*Id*.) Verizon argues that claim 1 requires display to the user of navigation information for a destination specified by the user and that this means that the system is not "made" until the user operates the device. (Dkt. No. 361 at 2.) Traxcell argues that Verizon makes the infringing product because it "provides all the components necessary to infringe upon each element" of claims 1–10. (Dkt. No. 334 at 4.)

The Court concludes that questions of fact preclude summary judgment on this issue. The Court reaches this conclusion for two primary reasons: (1) because functional language within the claim merely requires that the system is capable of performing that function, not that the system actually performs that function; and (2) because Traxcell has provided evidence that navigation applications have been preloaded on Defendant's phones.

While Verizon argues that claim 1 requires the actual display of navigation information, the Court disagrees. The requirement that the processor "displays" merely requires that the

processor is capable of displaying, not that the processor actually performs the step of displaying. *See Mastermine Software, Inc. v. Microsoft Corp.*, 874 F.3d 1307, 1315–16 (Fed. Cir. 2017). In *Mastermine*, the claim at issue included "a reporting module" that "*presents* a set of user-selectable database fields," "*receives* from the user a selection of one or more user-selectable database fields," and "*generates* a database query." *Id*. at 1315 (emphasis in original). The Federal Circuit explained that while the claim recited active verbs—presents, receives, generates—these "merely claim that the system possesses the recited structure which is capable of performing the recited functions." *Id*. at 1316 (quotation and modification marks omitted). According to *Mastermine*, Federal Circuit precedent has consistently approved using functional language to denote machine structure by denoting capability. As examples of such approval, *Mastermine* cites *Microprocessor Enhancement Corp. v. Tex. Instruments Inc.*, 520 F.3d 1367 (Fed. Cir. 2008); *HTC Corp. v. IPCom GmbH & Co., KG*, 667 F.3d 1270 (Fed. Cir. 2012); and *UltimatePointer, L.L.C. v. Nintendo Co.*, 816 F.3d 816 (Fed. Cir. 2016). *Mastermine*, 874 F.3d at 1313–16. In *Microprocessor Enhancement*, claim recitation of a "logic pipeline stage . . . *performing* a boolean algebraic evaluation . . . and *producing* an enable-write" was deemed "clearly limited to a pipeline processor possessing the recited structure and *capable* of performing the recited functions, and is thus not indefinite under *IPXL Holdings*." *Mastermine*, 874 F.3d at 1315 (emphasis in original, quotation marks omitted). In *HTC Corp.*, claim recitation of a "mobile station for use with a network . . . that achieves a handover by: *storing* link data . . . , *holding* in reserve for the link resources . . . , *maintaining* a storage of the link data . . . , *causing* the resources . . . to remain held in reserve . . . , *deleting* the link data . . . , and *freeing* up the resources" was deemed to "merely establish those functions as the underlying network environment in which the mobile station operates." *Mastermine*, 874 F.3d at 1314–15 (emphasis in original, quotation marks and modifications

omitted). In *Ultimate Pointer*, claim's recitation of "an image sensor . . . ***generating*** data" was deemed to be "clear that the 'generating data' limitation reflects the capability of that structure rather than the activities of the user, and does not reflect an attempt to claim both an apparatus and a method, but instead claims an apparatus with particular capabilities." *Mastermine*, 874 F.3d at 1315 (emphasis in original, quotation marks omitted). Based on these Federal Circuit decisions, the Court concludes that the functional language within claim 1 merely requires that the recited structure is capable of performing that function, not that the function is actually required to be performed. This is consistent with the Court's discussion in the Claim Construction Order.

Further, the Court concludes that the claims do not require that the customer combine the wireless mobile communications device with other parts of the system as Verizon argues. The claim merely requires that the first radio-frequency transceiver is ***configured for*** radio-frequency communication with a wireless communications network. The claim does not require that the radio-frequency transceiver be in actual communication with a wireless communications network. Thus, the system may be made if Verizon provides a device with a first radio-frequency that is configured for radio-frequency communication with a wireless communication network, and the customer's actual use of the device is not required.

For the argument that customers download the navigation applications, Traxcell has provided evidence to show that the VZ Navigator application has been preloaded onto Verizon phones. (Dkt. No. 334-3 at 46:12–47:4.) Consequently, questions of fact remain as to whether Verizon preloaded navigation applications into the phones and also as to whether phones with those preloaded application infringe claims 1–10. The Court therefore recommends that summary judgment be denied for Traxcell's direct infringement claims with respect to claims 1–10.

### III.    CLAIM 11

Independent claim 11 is the only method claim from the '388 Patent that Plaintiff asserts against Verizon. Claim 11 provides:

> 11. A method of providing navigation information within a wireless communications network, the method comprising:
>
> at a wireless mobile communications device coupled to the wireless communications network and having a first radio-frequency transceiver coupled to an associated first antenna, *receiving* a location of the mobile wireless communications device;
>
> within the wireless mobile communications device, a first processor within the wireless mobile communications device coupled to the first radio-frequency transceiver *generating* an indication of a location of the at least one wireless mobile communications device with respect to geographic features according to mapping information retrieved from a storage within the wireless mobile communications device;
>
> the first processor *displaying* to the user navigation information according to the location of the wireless mobile communications device with respect to the geographic features and a destination specified by the user at the wireless mobile communications device;
>
> within the wireless communications network, a second processor coupled to at least one second radio-frequency transceiver coupled to an associated second antenna selectively *determining* the location of the wireless mobile communication device in dependence on a setting of preference flags, wherein the selectively determining determines the location of the wireless mobile communications device if the preference flags are set to a state that permits tracking of the user of the wireless mobile communications device and communicating the location of the wireless mobile communications device to the mobile wireless communications device, and wherein the selectively determining does not determine and communicate the location of the wireless mobile communications device if the preference flags are set to a state that prohibits tracking of the wireless mobile communications device.

(emphasis added).

The Court concludes that questions of fact remain as to whether Verizon performs or is responsible for another's performance of each method step. While Verizon argues that certain steps are performed by Verizon's customers and not Verizon, the Court concludes that factual questions

remain as to whether the customers' performance of the missing steps may be attributed to Verizon. Specifically, the Court concludes that questions of fact remain as to whether Verizon conditions its customers' use of navigation applications upon performance of the patented method steps of the patented method and (2) whether Verizon establishes the manner or timing of that performance. *See Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1023 (Fed. Cir. 2015). Accordingly, the Court recommends that summary judgment be denied for claim 11.

## IV.   CLAIM 21

Independent claim 21 is the final claim asserted within the '388 Patent, and it recites:

> 21. A wireless mobile communications device including:
>> a radio-frequency transceiver and an associated antenna to which the radio-frequency transceiver is coupled, wherein the radio-frequency transceiver is configured for radio-frequency communication with a wireless communications network; and
>>
>> a processor coupled to the at least one radio-frequency transceiver programmed to receive a location of the wireless mobile communications device and generate an indication of a location of the at least one wireless mobile communications device with respect to geographic features according to mapping information stored within the wireless mobile communications device, wherein the processor determines whether or not the mapping information stored within the wireless mobile communications device is sufficient to display the navigation information to the user, responsive to the processor determining that the mapping information is not sufficient, the processor requesting additional mapping information from the wireless communications network and responsive to the processor requesting additional mapping information from the wireless communications network, receiving the additional mapping information from the wireless communications network and updating the mapping information stored within the wireless mobile communications device, wherein the processor determines and displays the navigation information to the user using the additional mapping information, the location of the wireless mobile communications device with respect to the geographic features and a destination specified by the user at the wireless mobile communications device, and wherein ***the processor communicates to the mobile communications network a setting of preference flags***, whereby the mobile communications network determines the location of the mobile communications device and communicates the location of the wireless

> mobile communications device to the wireless mobile communications device dependent on the setting of the preference flags, wherein if the preference flags are set to a state that permits tracking of the user of the wireless mobile communications device the wireless mobile communications device receives the location of the wireless mobile communications device, and wherein if the preference flags are set to a state that prohibits tracking of the wireless mobile communications device, the wireless mobile communications device does not receive the location of the wireless mobile communications device.

(emphasis added).

Verizon argues that it does not make, use, sell, offer to sell or import the wireless mobile communications device as claimed in claim 21. Verizon argues (a) that the accused device does not have any navigation program installed at the point of sale, and (b) that Traxcell failed to show that "the processor communicates to the mobile communications network a setting of preference flags" as required by claim 21. (Dkt. No. 293 at 5–6.)

As stated above in the discussion of claims 1–10, Traxcell has presented evidence to suggest that Verizon preloaded navigation applications onto at least some phones so that those applications were installed at the point of sale. Consequently, the Court does not find Verizon's first argument to be persuasive.

For the second argument, that Traxcell failed to show that "the processor communicates to the mobile communications network a setting of preference flags," the Court concludes that factual questions preclude summary judgment. Traxcell has presented evidence to show that the users set preference flags on their devices. (Dkt. No. 258-10 at 94:11–100:20; Dkt. No. 258-13 at 6–7.) Traxcell has presented evidence to show that, depending on how the preference flags are set, the preference flags will either permit or prohibit the network to track location. (Dkt. No. 258-10 at 94:11–100:20; Dkt. No. 258-13 at 6–7.) Based on this evidence, a reasonable juror could conclude

that "the processor communicates to the mobile communications network a setting of preference flags."

Thus, the Court recommends that Verizon's MSJ be **DENIED** with respect to claim 21 because, at the very least, questions of fact remain as to whether Verizon made products that infringe the claim.

## V. INDIRECT INFRINGEMENT

In response to Verizon's MSJ, Traxcell asserts that "Verizon has Notice of the claims of the '388 patent at least as of the filing date of the underlying lawsuit, October 31, 2017 and as detailed by Mr. Reed." (Dkt. No. 334 at 7.) Traxcell cites to Reed's declaration, where Reed states that Verizon was on notice of the patented invention at least since January 22, 2010. Reed states that, on that date, a published patent application US 2008/0045234 was cited against Verizon by the USPTO. (Dkt. No. 334-17 at ¶ 2.) U.S. Patent No. 8,977,284 ('284 Patent) resulted from this patent application, and it shares the same specification as the '388 patent.

After consideration, the Court recommends that summary judgment be **GRANTED** for Traxcell's claims of indirect infringement of the '388 Patent before October 31, 2017, which was the date that this lawsuit was filed. The Court recommends that summary judgment be **DENIED** for claims of indirect infringement of the '388 Patent arising on or after October 21, 2017.

The Court concludes that Traxcell has not shown that Verizon had sufficient knowledge of the '388 Patent before the lawsuit was filed. While Reed states that Verizon was on notice of the *parent* application since 2010, the Court concludes that this is insufficient to provide notice of the patent invention within the '388 Patent. The claims define the patented invention, and Verizon could not have had knowledge of the claim scope when the parent application was cited against Verizon. Further, the Court concludes that Traxcell has not shown a sufficient connection between

the cited application and the patents being asserted here. Traxcell has not pointed to any cases where knowledge of a parent application was sufficient to provide notice to an alleged infringer. Most of the cases where knowledge is shown through PTO citations involves citations of the patent-in-suit against the accused infringer. *Intellectual Ventures II, LLC, v. Sprint Spectrum, L.P. et al*, No. 2:17-cv-00662-JRG-RSP, 2019 WL 1987172 (E.D. Tex. Apr. 12, 2019); *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 2:15-cv-00037-RWS-RSP, 2017 WL 2651618, at *6 (E.D. Tex. June 20, 2017); *OpenTV, Inc. v. Apple, Inc.*, No. 14-CV-01622-HSG, 2015 WL 1535328, at *7 (N.D. Cal. Apr. 6, 2015).

The Court recommends that summary judgment be denied for Traxcell's claims of indirect infringement of the '388 Patent on or after October 31, 2017. On that date, Traxcell provided sufficient notice to Verizon by filing the complaint. As to other requirements for indirect infringement, the Court concludes that questions of fact remain that preclude summary judgment at this time.

## VI.   CONCLUSION

The Court therefore recommends that Verizon's MSJ be **GRANTED-IN-PART**. The Court recommends that the Motion be granted for Traxcell's claims of indirect infringement of the '388 Patent arising before October 31, 2017. The Court recommends that Verizon's MSJ be **DENIED** in all other respects.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto.*

*Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation **must be filed** in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 18th day of September, 2019.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE