**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| TRAXCELL TECHNOLOGIES, LLC, | § § § | |
| Plaintiff, | § § § | CASE NO.  2:17-CV-00718-RWS-RSP |
| v. | § § | |
| AT&T, INC.,    AT&T  CORPORATION, AT&T MOBILITY LLC, | § § § | |
| SPRINT COMMUNICATIONS COMPANY, LP,SPRINT SPECTRUM, LP, and SPRINT SOLUTIONS, INC. | § § § § | CASE NO. 2:17-CV-719-RWS-RSP CONSOLIDATED CASE |
| VERIZON    WIRELESS    PERSONAL COMMUNICATIONS, LP, | § § | CASE NO. 2:17-CV-721-RWS-RSP CONSOLIDATED CASE |
| *Defendants.* | § § | |

## <u>ORDER</u>

Before the Court are Plaintiff Traxcell's objections to three Report and Recommendations: (1) Traxcell's Objections to Order Granting Verizon's Motion for Partial Summary Judgment of Noninfringement of All Asserted Claims of the '024 Patent (Docket No. 431); (2) Traxcell's Objections to Report and Recommendation Granting Verizon's Motion for Partial Summary Judgment of Noninfringement of All Asserted Claims of the '388 Patent (Docket No. 459); and (3) Traxcell's Objections to Report and Recommendation Granting Sprint's Motion for Summary Judgment of Noninfringement (Docket No. 460).

Traxcell also objects to three non-dispositive orders: (1) Objections to Memorandum and Order Denying Traxcell's Motion to Exclude (Docket No. 430); (2) Objections to Order Denying Emergency Motion to Strike Declarations of Stan Chestnutt and Huey Ly or In the Alternative Re-Open their Depositions (Docket No. 454); and (3) Objections to Order Denying Traxcell's Motion

to Exclude Testimony of Verizon's Designated Experts Dr. Shoemake and Mr. Rysavy (Docket No. 455).  Having reviewed the objections, reports and orders, the Court concludes that the objections are without merit.

## I.      APPLICABLE LAW

For dispositive motions, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3).  "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

For non-dispositive matters, "[a] party may serve and file objections to [a magistrate judge's] order within 14 days after being served with a copy." FED. R. CIV. P. 72(a).  "A party may not assign as error a defect in the order not timely objected to." *Id*.  "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id*.

## II.     ANALYSIS

The Court addresses Traxcell's objections to the orders on the non-dispositive motions before turning to Traxell's objections to the Report and Recommendations.

Most of Traxcell's objections (Docket Nos. 430, 451, 455, 460) "incorporate[] by reference its arguments and authorities presented in its Opposition to said Motion."  Because a party must serve "specific written objections to the proposed findings and recommendations," FED. R. CIV. P. 72(b)(2), the Court addresses only the arguments that Traxcell specifically presents in its objections.  The Court will not consider arguments Traxcell attempts to raise solely through "incorporation by reference." *SciCo Tec CmbH v. Boston Sci. Corp.*, 599 F. Supp. 2d 741, 742–43 (E.D. Tex. 2009) (stating that defendant's attempt to incorporate arguments and authorities

raised in claim construction briefing were not proper objections).  Furthermore, a district court

need not consider conclusive or general objections.  *Battle*, 834 F.2d at 421; *accord Lloyd*, 127 F.

Supp. 3d at 739.

### A. Objections to Memorandum and Order Denying Traxcell's Motion to Exclude (Docket No. 430)

Traxcell moved to exclude the testimony of Verizon's experts Dr. Matthew Shoemake and

Mr. Peter Rysavy.  Docket No. 309.  Magistrate Judge Payne denied the motion (Docket No. 397),

and Traxcell objects (Docket No. 430).  Traxcell filed a second, untimely set of objections. *See*

Docket No. 455 (filed more than 14 days after Magistrate Judge's order).

First, Traxcell "disagrees with the Court's conclusion that the element 'second processor'

must be in the wireless network."  Docket No. 430 at 1.  Traxcell argues that the Magistrate Judge's

claim construction order found that the second processor is not inherently within the wireless

communications network.  *Id.*  Accordingly, Traxcell argues that Dr. Shoemake's opinion conflicts

with the claim construction order.  *Id*. at 1–2 (citing Docket No. 171 at 53).  To the extent Traxcell

objects to the claim construction order, such objections are untimely.  Moreover, Traxcell

misinterprets the claim construction order.  The Magistrate Judge concluded that "being within the

wireless communications network is not an inherent property of the 'second processor' " because

claims 1 and 11 expressly require the "second processor" to be within the network.  Docket No.

171 at 52.  Thus, Dr. Shoemake's opinion that the "second processor" must be in the wireless

network is consistent with the plain meaning of the claims.  *See* Docket No. 397 at 2.

Second, Traxcell argues that "Dr. Shoemake's opinion that the preference flags must be

communicated to the 'second processor' should also be excluded."  Docket No. 430 at 2.  Traxcell

argues that neither party presented this issue for construction and that it is inappropriate to further

construe terms through expert disclosures.  *Id*.  The Magistrate Judge did not address whether the

preference flags must be set within or communicated to the second processor.  *See generally* Docket No. 171.  However, as the Magistrate Judge found, Dr. Shoemake based his opinion on the plain meaning of the claims, and that opinion does not conflict with the claim construction order. Docket No. 397 at 3–4.  Traxcell has not shown an error in this conclusion.

Third, Traxcell argues that Dr. Shoemake's apportionment analysis is unqualified and unsupported and notes that Verizon's other expert did not utilize Dr. Shoemake's apportionment analysis.  Docket No. 430 at 2.  The Magistrate Judge found that Dr. Shoemake's analysis to be sufficiently reliable and that he was sufficiently qualified to offer his opinion.  Docket No. 397 at 4.  Traxcell does not attempt to demonstrate any error in this conclusion.  The fact that Verizon's expert does not utilize the apportionment analysis does not undermine this determination.

Fourth and finally, Traxcell claims that Verizon's expert Dr. Rysavy attempts to re-construe "location."  Docket No. 430 at 2–3.  Traxcell argues that Dr. Rysavy's opinion "unfairly restricts the Court's claim construction" to the example of a point comprising a latitude and a longitude.  *Id*. at 3.  First, the Magistrate Judge noted that its construction limits location "not by what it is, but instead by what it is not."  Docket No. 397 at 7.  Thus, Dr. Rysavy's opinions regarding how a person of ordinary skill in the art would interpret location does not conflict with the Court's construction.  *Id*.  Further, the Magistrate Judge found that Dr. Rysavy's opinion "merely contrasts distance from location using the example provided by the Court."  *Id.*  Traxcell merely restates the same arguments from their underlying motion and fails to show error in the Magistrate Judge's reasoning or conclusion.  *See* Docket No. 309.

For these reasons, Traxcell's objections (Docket Nos. 430, 455) are **OVERRULED**, Magistrate Judge Payne's Memorandum and Order (Docket No. 397) is **ADOPTED**, and

Traxcell's Motion to Exclude the Testimony of Verizon's Experts Dr. Matthew Shoemake and Mr. Peter Rysavy (Docket No. 309) is **DENIED**.

### B. Objections to Order Denying Emergency Motion to Strike Declarations of Stan Chestnutt and Huey Ly or In the Alternative Re-Open their Depositions (Docket No. 454)

Traxcell filed an Emergency Motion to Strike Declarations of Stan Chestnutt and Huey Ly. Docket No. 239.  Magistrate Judge Payne denied the motion (Docket No. 325), and Traxcell objects (Docket No. 454).  Traxcell argues that the declarations are irrelevant and contradict Chestnutt's and Ly's previous testimony.  Traxcell's objections are untimely and may dismissed on that basis alone.  Traxcell's objections also fail on the merits.

If a witness has already been deposed, later declaration testimony of that witness may be used in summary judgment briefing if it merely supplements the witness's prior deposition testimony.  *Clark v. Resistoflex Co., A Div. of Unidynamics Corp*., 854 F.2d 762, 766 (5th Cir. 1988).  Traxcell argues that the "declaration testimony of Chestnutt and Ly potentially contradicts their previous deposition testimony."  Docket No. 454 at 1–2.  The Magistrate Judge found that Traxcell failed to show how Chestnut's and Ly's declaration testimony contradicted their deposition testimony.  Traxcell has not identified any error in this finding and again fails to show any contradiction.  Instead, Traxcell recites portions of the depositions and states: "[a]ny attempt after the deposition to contradict this testimony by, for example, declaration testimony about the 'operation of the location determination' should not be permitted."  *Id.* at 2.  Traxcell's argument regarding the relevance of the declarations appears to be improperly raised for the first time in its objections.

In sum, Traxcell fails to establish the Magistrate Judge's denial of Traxcell's motion is clearly erroneous or contrary to the law.  The Court therefore **OVERRULES** Traxcell's

Objections (Docket No. 454), **ADOPTS** Judge Payne's Order (Docket No. 325) and **DENIES** Traxcell's Emergency Motion to Strike Declarations of Stan Chestnutt and Huey Ly (Docket No. 239).

### C. Traxcell's Objections to the Order Granting Verizon's Motion for Partial Summary Judgment of Noninfringement of All Asserted Claims of the '024 Patent (Docket No. 431)

Defendant Verizon Wireless Personal Communications, LP ("Verizon") filed a Motion for Partial Summary Judgment of Noninfringement of All Asserted Claims of the U.S. Patent No. 9,642,024.  Docket No. 305.  Magistrate Judge Payne entered a Report and Recommendation, recommending that Verizon's motion be granted.  Docket No. 399.

Traxcell now objects, raising three arguments.  Docket No. 431.  First, Traxcell argues that the Court erred in finding that the SON portal did not satisfy the "single computer" limitation. Second, Traxcell asserts a genuine issue of material fact exists as to whether the accused products satisfy the "location" term.  Third, Traxcell argues that the doctrine of equivalents applies and that the Magistrate Judge erred to the extent that he granted summary judgment over this theory.

#### 1. Single Computer

Traxcell largely repeats the argument it raised in opposition to the motion that a SON portal is a single computer.  *See* Docket No. 337 at 13; Docket No. 374 at 3–4.  The Magistrate Judge rejected this argument, stating that the SON portal "merely acts as an interface" for users to access other servers that, combined, satisfy the "single computer requirements."  Docket No. 399 at 6–7. The Magistrate Judge concluded that Traxcell failed to show that the SON portal by itself or any other individual server or computer met all of the claim limitations.  *Id.* at 7.

Traxcell reurges its initial arguments that the SON portal is a "single computer" because a user can execute all SON functions through the SON portal.  Traxcell argues that the report "sets up an impossible standard to meet the single computer limitation."  Docket No. 431 at 2.  Finally,

Traxcell asserts that because a single server controls the SON portal it is not merely acting as an interface.

Traxcell has not shown that the SON portal satisfies the "single computer" limitation.  The claims require that a "single computer" and not a "system of computers" performs a variety of functions, including providing location/performance information.  *See* Docket No. 171 at 17 (noting that the claims do not preclude a second computer "so long as a single computer performs the recited functions of the 'computer' ").  Traxcell's argument that a single server controls the SON portal does not establish that the SON portal, by itself, meets all the claim limitations.  Indeed, Traxcell's evidence shows that multiple servers *combined* satisfy the claim limitations.

To the extent Traxcell objects to the term's construction, such arguments are unavailing. The Court addressed Traxcell's claim construction arguments when it denied Traxcell's motion for leave to file objections to the claim construction order.  Docket No. 451 at 2–8.  The Court denied the motion both on the merits and because Traxcell failed to timely object.  *Id.*  The Court will not revisit the claim construction issues now.

### 2.  Location

Magistrate Judge Payne construed "location" to mean "location that is not merely a position in a grid pattern" based on the prosecution history of the asserted patent.  *Traxcell Techs., LLC v. Huawei Techs. USA Inc, et al.*, Case No. 2:17-cv-00042, Docket No. 261 at 21–23 (construing term in the first instance); Docket No. 171 at 12 (accepting the parties' agreement to use the construction from the previous *Huawei* case).  The Magistrate Judge found that Traxcell had failed to create a genuine issue of material fact as to whether the accused products provide location.  First, the Magistrate Judge rejected Traxcell's argument that the accused devices infringe because they collect "information regarding the distance of devices from a base station."  Docket No. 399 at 8. In the context of the patent, the Magistrate Judge found that location and distance are two different

concepts. The Magistrate Judge also found that accused systems merely determine a device's "position within a grid," which does not satisfy the requirement that an infringing device "provide location." *Id.* at 9. The Magistrate Judge noted that its construction for location "does not require pinpoint precision" but that providing location information is still different from identifying devices in a "pre-defined area." *Id.* at 11.

Traxcell argues that it "introduced evidence from its expert Dr. Helgert that a location of a mobile wireless communication device to within a particular sector of a cell is many times precise enough for SON to make adjustments, such as adjustments to the sector's antenna or power." Docket No. 431 at 3. Even accepting this as true, Traxcell does not explain how the location in a cell sector would not constitute a position in a grid pattern.

Traxcell also argues that "the '024 patent itself provides that a location within a cell sector is a location as intended to be used with the patented technology." *Id*. This argument appears directed to Judge Payne's construction of "location," to which Traxcell failed to timely object. *See* Docket No. 451. Again, the Court will not revisit this issue now.

Finally, Traxcell repeats a long list of various types of data that the accused products allegedly use without explaining how using that that data would satisfy the claim construction. Docket No. 431 at 3–4. Because Traxcell does not tie these types of data or measurements to the construction of "location," these arguments fail to create a genuine issue of material fact.

### 3. Doctrine of Equivalents

Traxcell objects to the report to the extent that it granted summary judgment against Traxcell's claim of infringement under the doctrine of equivalents. *Id*. at 2. As the Magistrate Judge previously held, prosecution history estoppel forecloses Traxcell's doctrine of equivalents theory. *See* Docket No. 254 at 3–4 (denying motion for leave to file doctrine of equivalents supplemental infringement contentions). Traxcell's objection here is misplaced and has no merit.

For the reasons stated above, the Court **OVERRULES** Traxcell's Objections (Docket No. 431), **ADOPTS** the Report and Recommendation (Docket No. 399) and **GRANTS** Verizon's Motion for Partial Summary Judgment of Noninfringement of All Asserted Claims of the '024 Patent (Docket No. 305).

### D. Traxcell's Objections to the Report and Recommendation on Verizon's Motion for Partial Summary Judgment of Noninfringement of All Asserted Claims of the '388 Patent (Docket No. 459)

Verizon filed a Sealed Motion for Partial Summary Judgment of Noninfringement of All Asserted Claims of the U.S. Patent No. 9,549,388 (" '388 Patent"). Docket No. 223. Magistrate Judge Payne entered a Report and Recommendation recommending that Verizon's motion be granted. Docket No. 444. The Magistrate Judge stated:

> The plain meaning of the claims require (1) that the network (or a second processor in that network) determines the location of the wireless mobile communications device, (2) that the network (or a second processor in that network) communicates that location to a processor in the wireless mobile communications device — merely sending data from the network to the wireless mobile communications device so that the device may determine location is insufficient; and (3) that the same location that is determined by the network and communicated to the device is then used by the first processor within the device to provide navigation information.

Docket No. 444 at 6. The Magistrate Judge concluded that Traxcell "failed to provide evidence that the accused network or the 'second processor' within the accused network determines the location of the wireless mobile communications device as required by the claims." *Id*. at 1–2. The Magistrate Judge determined that the wireless communications device is distinct from the wireless communications network. *Id.* at 7–10. Further, the report explained that the claims "may not be satisfied by merely sending data to the wireless mobile communications device for that device to calculate the actual location." *Id.* at 10–12.

Traxcell objects to this Report and Recommendation, raising five arguments that are addressed in turn below.

### 1. Traxcell Objects to the Report "Expanding the Grounds for Summary Judgment"

Traxcell asserts that the report granted summary judgment on grounds beyond those raised in Verizon's motion.  Docket No. 459 at 2.  Specifically, Traxcell objects to the report's finding that Traxcell did not provide sufficient evidence to show that location is (1) determined by the network; (2) communicated to a first processor within the wireless communication device; and (3) used by the first processor within the wireless mobile communication device to display navigation information.  *Id.* at 2.  Traxcell asserts that Verizon conceded that location is communicated to a first processor within the wireless communication device.  *Id.* at 3.

Traxcell's objection lacks merit.  The report did not recommend summary judgment on novel grounds.  Verizon specifically moved for summary judgment on the basis that "the mobile device running the Verizon accused instrumentalities, not the Verizon wireless network, determines the location of the mobile device."  Docket No. 223 at 3.  Traxcell inaccurately suggests that Verizon conceded that location is communicated to a first processor within the wireless communications device, as the claims require.  Traxcell selectively quotes Verizon's corporate witness's testimony; the full quote reads: "There are *components in the phone which determine the user's location* and that location is relayed to the Maps app."  Docket No. 223 at 17 (citing Docket No. 223-2 at 43:16–20).  This testimony does not demonstrate that the accused products satisfy this limitation; to the contrary, it establishes that the device, not the network, determines the user's location.

Finally, Traxcell argues that the Magistrate Judge failed to consider all of Traxcell's evidence.  Docket No. 459 at 3, 5.  Traxcell's original briefing consisted largely of conclusory statements and included citations, typically spanning hundreds of pages, to a large number of documents without any explanation for how those documents supported its conclusory statements.

*See* Docket No. 258.  Traxcell does the same in its objections.  *See* Docket No. 459 at 5–9.  Traxcell

fails to identify any specific evidence or explain how such evidence is material to the summary

judgment determination.  A district court need not consider conclusive or general objections such

as those presented here.  *Battle*, 834 F.2d at 421.

### 2.   Traxcell Objects to the Report's "Consideration of Only One Mode of Operation of Verizon Wireless Network for Determining Location"

Traxcell argues that the report does not discuss evidence that Verizon's wireless network

determines location of a wireless device through an Assisted GPS ("A-GPS").  Docket No. 459 at

4.  According to Traxcell, the A-GPS mode of operation determines location and communicates

that location to the wireless device.  *Id.*

The report does not explicitly address this concept, but it does cite documents describing

A-GPS.  Docket No. 444 at 14 (citing and discussing Docket Nos. 223-12, 258-12, 258-17).  The

report states that "Traxcell does not clarify how these documents show that the same location that

is determined within the network is then used within the relevant navigation applications to display

maps."  *Id*.  Having reviewed the briefing, the Court agrees.  Traxcell has not shown how the A-

GPS mode creates a genuine issue of material fact as to infringement—there is no evidence that

the navigation applications use the location determined by A-GPS.  Traxcell does not address this

issue in its objections.

Traxcell also objects to the report's reliance upon Ly's and Chestnut's testimony.  Docket

No. 459 at 4–5.  As discussed above, the Court adopts the Magistrate Judge's order denying

Traxcell's motion to exclude Ly and Chestnutt's testimony.  This moots Traxcell's objection.  *See*

*id.* at 4 (objecting to the report's reliance on the testimony in light of its objections to denial of its

motion to strike).

### 3. Traxcell Objects to the Report "Only Considering a Subset of Traxcell's Evidence"

Traxcell asserts that the report failed to consider over a dozen exhibits and accorded little probative weight to the small subset of evidence it considered because the evidence was from 2008.  Docket No. 459 at 5.  Traxcell offers broad citations, both in its briefing and in its objections, without explaining how those documents show that the accused devices infringe.  These broad citations do not create a material issue of genuine fact.

Traxcell argues that the report failed to make reasonable inferences in Traxcell's favor regarding BREW devices.  Docket No. 459 at 6–7.  Specifically, Traxcell asserts that the report's finding that the BREW device evidence is "not relevant" is an "example of a reasonable inference not taken in Traxcell's favor."  *Id.* at 6.

The report thoroughly discussed "three documents that Traxcell potentially meant to cite," including two documents related to BREW devices.  The Magistrate Judge determined that Traxcell had failed to explain how these documents "show that the same location that is determined within the network is used within the relevant navigation applications to display maps" such as to create a genuine issue of material fact that the accused devices infringe.  Docket No. 444 at 14. Having considered the briefing and Traxcell's objections, the Court agrees that Traxcell has failed to explain how the BREW documents create a genuine issue of material fact.  This finding required no factual inferences and is sufficient on its own to support summary judgment.

The report continued, noting that BREW phones predate smartphones, "making the phones irrelevant to the operation of smartphones that are prevalent today."  *Id.*  The report further noted that Traxcell provided no evidence that the Verizon Navigator application had been developed for a BREW device since 2014.  *Id.* at 15.  Accordingly, the Magistrate Judge determined that the BREW devices had limited probative value.  This finding provides additional support for the

Magistrate Judge's recommendation.  But to the extent that such conclusions relied on inferences required to be drawn in Traxcell's favor, such inferences do not affect the ultimate determination that Traxcell failed to create a genuine issue of material fact.  The Court agrees with the report's reasoning on this point.

### 4.   Traxcell Argues that the Report "Fails to Take Any Evidentiary Inferences in Traxcell's Favor"

Traxcell argues that the report improperly distinguished between the term "location," which is included in the claim language, and the phrases "location information" and "location data."  Docket No. 459 at 7.  Traxcell asserts that it used "location" and "location data" synonymously.  However, the Magistrate Judge thoroughly reviewed the claims and determined that a network sending "location data" so that the mobile device may determine the location did not satisfy the claims.  Docket No. 444 at 7.  The Magistrate Judge based this determination in part on the finding that the "same location determined by the network is communicated to the device and then used by a processor within the device to display navigation information."  *Id.* at 7. Traxcell does not provide support or explanation for its assertion that location information and location are synonymous.

Traxcell asserts that the Position Determination Entity (PDE) in the Verizon wireless network computes location and communicates that information to the device.  *Id.* at 7-8.  However, Traxcell's relied-upon evidence explains that the PDE derives a "location solution" and that location is calculated by "local computation"(*i.e.*, computations on the mobile device[1]) using data from the PDE.  Docket No. 459 at 7.  This fails to show that the actual location is calculated on the network and sent to the mobile device, as the claims require.  In reaching his conclusion, the

---

[1] Traxcell noted in briefing that "Documents from Verizon . . . indicate that 'local computations use data from network elements such as the PDE or Verizon positioning engine.' "  Docket No. 258 at 3; *see also* Docket No. 258-2 at 64:6–13 (noting that the "location calculation" or "local computation" occurs on the mobile device)

Magistrate Judge did not weigh inferences against Traxcell but instead concluded that Traxcell failed to provide any evidence demonstrating that the claim limitations were met.

Traxcell also summarily objects to the report's "seeming to require Dr. Helgert to have examined source code." Docket No. 459 at 9. Again, the Court need not address a conclusory objection. However, having reviewed the report, the Court finds that the Magistrate Judge did not impose any such requirement. *See generally* Docket No. 444 at 15. Accordingly, the objection is overruled.

### 5. Traxcell Objects to the Court's Doctrine of Equivalents Analysis

Traxcell "objects to [the report's] reference to the doctrine of equivalents as Traxcell has properly objected to the Court's denial of its Motion seeking to assert infringement under the doctrine of equivalents." Docket No. 459 at 9. However, Traxcell does not identify the specific Doctrine of Equivalents reference to which it objects.

Traxcell appears to object to the Magistrate Judge's note that Traxcell did not raise doctrine of equivalents arguments in briefing and, in particular, that Traxcell never asserted that doctrine of equivalents for the "determining" and "communicating" limitations. Docket No. 444 at 16. Having reviewed the relevant briefing, the Magistrate Judge correctly stated that Traxcell had not raised certain doctrine of equivalents arguments. *See generally* Docket Nos. 258 and 290.

Traxcell argues that it objected to the Magistrate Judge's denial of its motion for leave to supplement infringement contentions with doctrine of equivalents arguments. However, as Verizon correctly notes, Traxcell did not seek to assert doctrine of equivalents arguments for the '388 patent. *See* Docket No. 210-4, 210-5, 210-7 (showing that Traxcell merely attempted to supplement its contentions to add doctrine of equivalents theories to terms in the '284, '320 and

'024 patents, not the '388 patent).  Regardless, Traxcell did not present a doctrine of equivalents theory in its briefing, and Traxcell's objection on this point lack merit.

For the reasons stated above, the Court **OVERRULES** Traxcell's objections (Docket No. 459), **ADOPTS** the Report and Recommendation (Docket No. 444) and **GRANTS** Verizon's motion for partial summary judgment of noninfringement of the '388 patent (Docket No. 223).

### E.  Traxcell's Objections to the Report and Recommendation Granting Sprint's Motion for Summary Judgment of Noninfringement (Docket No. 460)

Defendants Sprint Communications Company, LP's; Sprint Spectrum, LP's; and Sprint Solutions, Inc.'s (collectively "Sprint") filed a Motion for Summary Judgment of Noninfringement as to all asserted patents.  Docket No. 306.  Magistrate Judge Payne entered a Report and Recommendation recommending that Sprint's motion be **GRANTED**.  Docket No. 445.  Traxcell objects.  Docket No. 460.  The Court addresses each specific objection below.

#### 1.  Traxcell Objects to the Magistrate Judge's "Reliance on Grounds Not Raised by Sprint"

Traxcell argues that the Magistrate Judge recommended summary judgment for the '388 patent on grounds that Sprint did not seek and that Traxcell should have been given an opportunity to address those grounds.  Docket No. 460 at 2.  Specifically, Traxcell asserts that Sprint did not argue that the claims require that location be (1) determined by the network; (2) communicated to a first processor within the wireless communications device; and (3) the same location that is then used by the first processor to display navigation information."  *Id.*

Contrary to Traxcell's assertion, Sprint raised this argument in its motion:

According to the asserted claims of the '388 Patent, a "second processor" associated with Sprint's wireless network must "determine the location of the wireless mobile communication device." Ex. 9 ('388 Patent) at cl. 1. A "first processor within the wireless mobile communications device" must thereafter "receive a location of the wireless mobile communications device from the wireless communications

network." *Id*. The mobile device must then "generate an indication of location" used for display by the navigation application.

Docket No. 467 at 2 (citing Docket No. 306 at 23). Furthermore, "[u]nder the 'all elements' rule, to find infringement, the accused device must contain 'each limitation of the claim, either literally or by an equivalent.' " *TIP Sys. LLC v. Phillips & Brooks/Gladwin, Inc.*, 529 F.3d 1374, 1379 (Fed. Cir. 2008) (quoting *Freedman*, 420 F.3d at 1358 (citing *Warner-Jenkinson*, 520 U.S. at 29)). The Magistrate Judge's reasoning and conclusion was therefore appropriate.

2. Traxcell further alleges that there is sufficient evidence that the accused devices use location, as the claims require. Docket No. 460 at 2–3. For support, Traxcell argues that Google's corporate witness testified that the "location information is relayed to the Maps app and the Maps app will change the visual display on the screen accordingly." *Id*. at 2 (citing Docket No. 347-4 at 43:13–20). However, the full quotation reads: "[t]here are ***components on the phone which determine the user's location*** and that location information is relayed to the Maps app and the maps app will change the visual display on the screen accordingly." Docket No. 467 at 5–6. Traxcell has not identified any evidence that the network, as opposed to the device, determines a user's location, as required by the claims. **Traxcell Argues that the Magistrate Judge Did Not Consider all of Traxcell's Evidence**

Traxcell argues that the report failed to consider all of Traxcell's evidence. Docket No. 460 at 3. First, Traxcell asserts that the report "failed to consider any inference of Traxcell's evidence, the 45 exhibits, in favor of Traxcell." *Id.* Other than this blanket statement, Traxcell fails to show how the report failed to appropriately consider any specific exhibit. Further, Traxell does not identify the findings to which these alleged exhibits relate. Such a generalized objection is improper. *See Battle*, 834 F.2d at 421; *accord Lloyd*, 127 F. Supp. 3d at 739.

Traxcell then argues that the Magistrate Judge erred by, on the one hand, acknowledging that Traxcell had evidence that the network determined location through the LSM ("LTE System Manager") for the Network Tuning patents, but on the other hand, not acknowledging such evidence for the '388 patent. *See* Docket No. 460 at 3 (citing Docket No. 445 at 33–34). Despite Traxcell's suggestion, the Magistrate Judge did not accept Traxcell's evidence for the tuning

patents.  The Magistrate Judge noted that Traxcell *cited* evidence to support its arguments, but "offer[ed] no explanation for how that evidence shows that the LSM . . . independently satisf[ies] each of the claim limitations."  Docket No. 445 at 13.  Further, the Magistrate Judge determined that Traxcell had not provided evidence that the LSM provides an "indication of location."  *Id.* at 14.  Although Traxcell asserted that the LSM determines location through a variety of means, the Magistrate Judge found that Traxcell failed to "explain within its briefing how those approaches fall in line with the Court's construction."  Docket No. 445 at 21.  The Magistrate Judge further concluded that the cited approaches did not "appear to conform to the Court's construction while still meeting the other limitations of the claims."  *Id.*  For example, some of the methods appear to indicate only "distance from a cell tower," which is not "location" as construed.  Additionally, the Magistrate Judge found that Traxcell failed to explain how the call trace analysis or cell ID provides a location that is not merely a position within a grid tower.  *Id.* at 22.  The Magistrate Judge consistently compared the LSM to the claim requirements, and the Court agrees that Traxcell has not shown that the accused network determines location as required.

### 3.  Objections to the Court's Construction and Application of "Location"

Traxcell attempts to object to the construction of "location" as a location that is not merely a position in a grid pattern.  Docket No. 460 at 3–4.  The Magistrate Judge entered the claim construction order on April 15, 2019 (Docket No. 171).  The Court denied Traxcell's motion for leave to file an objection, noting that the motion was untimely and meritless.  Docket No. 451.  Traxcell's objections to the claim construction order here are misplaced.

Traxcell then objects to the Report and Recommendation's determination that a cell sector or distance from a cell tower do not constitute "location" as construed by the Court.  Docket No. 460 at 4.  The report concluded that providing a cell or sector containing a phone amounts to

providing a position in a grid pattern, which does not constitute "location." Docket No. 445 at 20. Traxcell does not assert any specific error in this reasoning and largely raises further objections to the term's construction. Having reviewed the briefing and the Magistrate Judge's report, the Court agrees with the report's reasoning and conclusion on this point.

Traxcell then asserts that the report improperly required Traxcell to "explain how its proffered locations are utilized within the accused system." Docket No. 460 at 4. Traxcell asserts that the claim construction did not clarify whether all claims require that performance adjustments are made based on corresponding location of the devices. *Id.* The requirements set forth in the report are based on a proper interpretation of the plain meaning of the claims. Independent claim 1 of the '284 patent states that "said first computer further includes means for receiving said performance data and suggest corrective actions obtained from a list of possible causes for said radio tower based upon the performance data and ***the corresponding location*** associated with said at least one wireless device." All claims in the '284 Patent except for claim 12 depend on claim 1. Thus, such a requirement is evident from the plain meaning of the claims, and Traxcell has not persuasively shown otherwise.

### 4. Traxcell Objects to the Application of the "Computer" Term to the Accused Instrumentalities

Traxcell argues that the report failed to resolve all evidentiary inferences in Traxcell's favor for the "computer" term in granting summary judgment for the network tuning patents. Docket No. 460 at 5. Again, Traxcell appears to contest the Court's construction of "computer." *Id.* Traxcell states that the "computer" need only be *programmed* to perform certain functions and the report improperly requires the "computer" to perform such functions. *Id.* Traxcell contends that "the LSM is programmed to perform functions required either directly or through programming to actuate other systems." *Id.* at 5. However, as the Magistrate Judge explained in construing the

term, the claims require that a single computer independently perform the functions.[2]   Docket No.

171 at 14–18.   To the extent Traxcell's objection is directed toward the Court's construction, it is

misplaced.   Further, as the Magistrate Judge explained, Traxcell has not provided any evidence

that the LSM "***independently*** satis[fies] each of the claim limitations."   Docket No. 445 at 13.   To

the contrary, Traxcell's evidence shows that the LSM works with at least one additional computer

to satisfy the claims.   *Id.*

Traxcell further asserts that the report failed to make several factual inferences in its favor,

including (1) that the LSM "generates 'an indication of location' or that the LSM stores a location";

(2) that the LSM "is at least programmed to execute the MRO feature"; (3) "that KPI's are stored

at the LSM"; and (4) that "version NV3.5 stores call logs on the LSM server while NV 4.0 requires

an external server."   Docket No. 460 at 5–6.   However, Traxcell does not support its arguments

with evidence or attempt to show why the inferences are reasonable.

Traxcell alternatively argues that the report improperly determined that the doctrine of

equivalents does not apply.   Docket No. 460 at 6.   Although Traxcell complains that the report

fails to specify the terms for which the doctrine of equivalents is unavailable (Docket No. 460 at

6), that is clearly not the case.   The report explicitly states: "[d]ue to this prosecution history

estoppel, the doctrine of equivalents is not available for the 'computer' terms within the Network

Tuning Patent claims."   Docket No. 445 at 20.   Traxcell's doctrine of equivalents theory is

foreclosed by prosecution history estoppel.   *See* Docket No. 254 at 3–4 (denying motion for leave

to file doctrine of equivalents supplemental infringement contentions).   Traxcell's objection has

no merit.

---

[2] During prosecution of the '284 patent, the applicant made clear that invention "requires only a first computer to reference the location and performance data for the wireless device, and then adjust radio tower to improve communication."   The applicant thus distinguished the invention from prior art devices which required a second computer to perform such functions.

**5. Traxcell Objects to the Interpretation that "Location Data" is Different than "Location"**

Traxcell objects to the report's interpretation that "location data" is different than "location." Docket No. 460 at 8. Traxcell's arguments, and this Court's review, largely mirrors the analysis on the same issue in Verizon's motion. To support the argument that the network actually determines "location" as required by the claims, Traxcell argues that "[t]he Position Determination Entity (or E-SMLC) is the network element that provides GPS assistance data to the wireless device and derives a location solution from measurements made by the wireless device or other network elements." *Id.* at 7. However, Traxcell relies on virtually identical language to that provided in *Verizon documents*, and Traxcell's arguments as to those documents have been overruled. Docket No. 445 at 33. Again, Traxcell argues that the Position Determination Entity helps to provide a location solution, while simultaneously explaining that "local computations" (*i.e.*, computations on the mobile device) calculate the "location" using data from the PDE. Docket No. 459 at 7. This fails to show that the actual location is calculated on the network and sent to the mobile device as the claims require.

Traxcell also objects to the report's reliance on testimony from Stan Chestnutt and Huey Ly. Docket No. 460 at 9. However, unlike the report addressing Verizon's motion, the report directed to Sprint's motion does not rely upon the Ly and Chestnut declarations. *See generally* Docket No. 445. This objection is meritless.

For the reasons stated above, the Court **OVERRULES** Traxcell's Objections (Docket No. 460), **ADOPTS** the Report and Recommendation (Docket No. 445) and **GRANTS** Sprint's Motion for Partial Summary Judgment of Noninfringement (Docket No. 306).

**III.    CONCLUSION**

The Court **OVERRULES** Traxcell's Objections (Docket Nos. 431, 459, 460) and **ADOPTS** the recommendations set forth in Magistrate Judge Payne's Report and Recommendations (Docket Nos. 399, 444, 445). It is therefore

**ORDERED** that the following motions are each **GRANTED** as recommended: (1) Verizon's Motion for Partial Summary Judgment of Noninfringement of All Asserted Claims of the '024 Patent (Docket No. 305); (2) Verizon's Sealed Motion for Partial Summary Judgment of Noninfringement of All Asserted Claims of the U.S. Patent No. 9,549,388 (Docket No. 223); and (3) Sprint's Motion for Summary Judgment of Non-Infringement (Docket No. 306).

The Court also **OVERRULES** Traxcell's Objections (Docket Nos. 430, 454, 455) and **ADOPTS** Judge Payne's Orders (Docket Nos. 325, 397).  Accordingly, it is

**ORDERED** that the following motions are **DENIED**: (1) Traxcell's Emergency Motion to Strike Declarations of Stan Chestnutt and Huey Ly (Docket No. 239) and (2) Traxcell's Motion to Exclude the Testimony of Verizon's Experts Dr. Matthew Shoemake and Mr. Peter Rysavy (Docket No. 309).

**So ORDERED and SIGNED this 15th day of April, 2020.**


ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE