IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TRAXCELL TECHNOLOGIES, LLC., | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:17-cv-00718-RWS-RSP |
| v. | ) | CONSOLIDATED LEAD CASE |
| | ) | |
| | ) | |
| AT&T, INC., AT&T CORPORATION, | ) | JURY TRIAL DEMANDED |
| AND AT&T MOBILITY LLC, | ) | |
| Defendants. | ) | |

### TRAXCELL'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE IN OPPOSITION TO DEFENDANT VERIZON'S MOTION FOR ORDER TO SHOW CAUSE

On June 1, 2022, Verizon filed its Motion For Order To Show Cause[1] in connection with Traxcell's Objections To Memorandum Order Granting In Part Verizon's Motion For Attorneys' Fees.[2] Verizon's Motion was in tandem with Sprint's Motion For Order To Show Cause filed May 23, 2022 in this same consolidated case.[3] On June 6, counsel for Traxcell drafted responses to both Motions. The Sprint response was filed that day,[4] but, inadvertently, the Verizon response was not. The Verizon response was due June 15. Traxcell is filing the Verizon response concurrently with this Motion For Extension. Thus, Traxcell's Response To Verizon's Motion For Order To Show Cause is eight days late. Accordingly, Traxcell hereby requests an extension of time to file its Response.

Rule 6(b) of the Federal Rules of Civil Procedure affords district courts "broad discretion to expand filing deadlines," *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d

---

[1] Doc. No. 527.
[2] Doc. No. 523.
[3] Doc. No. 526.
[4] Doc. No. 528.

1

360, 367 (5th Cir. 1995), and the Fifth Circuit "approache[s] the automatic grant of a dispositive motion, such as a dismissal with prejudice based solely on a litigant's failure to comply with a local rule, with considerable aversion." *Webb v. Morella*, 457 F. App'x 448, 452 (5th Cir. 2021) (per curiam) (unpublished) (citing *John v. Louisiana*, 757 F.2d 698, 709 (5th Cir. 1985); *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). Indeed, "[m]any courts have required a showing from the moving party that it was prejudiced by the non-movant's failure to timely respond." *Miller v. 24 Hour Fitness USA, Inc.*, No. 4:16-CV-001, 2016 WL 9307504, at *2 (E.D. Tex. Oct. 25, 2016) (citing *Guilbeaux v. 3927 Found., Inc.*, 177 F.R.D. 387, 390 (E.D. Tex. 1998); *Energy Prod. Corp. v. Northfield Ins.*, Civil Action No. 10-0933, 2010 WL 2854296, at *2 (E.D. La. July 15, 2010)).[5]

Traxcell does not seek this extension for purposes of delay, but instead so that substantial justice may be served by the Court considering and granting the underlying objections to the fee award. The reason for the delay was inadvertence despite diligent and early preparation of a response to timely file. Verizon is not prejudiced or harmed by the extension as it is a short eight day extension on a post-trial show cause motion. Thus, there are no litigation dates that would be extended to Verizon's detriment by the extension causing Verizon prejudice. Also, there should be no calendar dates the Court would have to arrange on its schedule to accommodate the extension. The extension is of great importance to Traxcell because otherwise it will be forced to pay a fee award prior to resolution of objections. Moreover, if the Court overrules the objections, which it should

---

[5] *Cashman Utility Contractors, Inc. v. DDG Construction, Inc.*, No. 4:20-CV-00314-RWS, 2020 WL 13302271 at *1 (E.D. Tex. June 24, 2020); *Luracoc Health & Beauty, LLC v. Tran*, No. 4:19-CV-51-SDJ, 2020 WL 2747233 at *2 (E.D. Tex. May 27, 2020) (motion to extend seven days granted).

2

not, then Traxcell would have an opportunity to stay enforcement of the fee award while its appeal to the Federal Circuit proceeds.

For all of these reasons, Traxcell respectfully requests this Court grant the Motion To Extend the deadline for its Response To The Motion To Show Cause by eight days from June 15 to today, June 23, and accept the filing of the same.

Respectfully submitted,

/s/ William P. Ramey, III
William P. Ramey, III
Texas Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

**Attorneys for Traxcell Technologies, LLC**

### CERTIFICATE OF CONFERENCE

Pursuant to Local Ru1es, Donald Mahoney, counsel for Plaintiff Traxcell Technologies, LLC., left a voicemail with counsel for Verizon Jacob Baron of Holland & Knight LLP but did not receive a response. This motion is filed Opposed.

/s/ Donald H. Mahoney, III
Donald H. Mahoney, III

### CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that all counsel of record who have appeared in this case are being served today, June 23, 2022, with a copy of the foregoing via the Court's CM/ECF system.

/s/ William P. Ramey, III
William P. Ramey, III