IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TRAXCELL TECHNOLOGIES, LLC., § <br> § <br> *Plaintiff*, § <br> v. § <br> § <br> AT&T CORP. and AT&T MOBILITY § <br> LLC, § <br> § <br> *Defendants*. § | Case No. 2:17-cv-00718-RWS-RSP <br> (Lead Case) |

**MEMORANDUM ORDER**

Before the Court are motions by Plaintiff Traxcell Technologies, LLC to Stay Enforcement and Waiver of Appeal Bond or in Alternative a Reduced Bond as to attorneys' fees awards to Sprint[1] (**Dkt. No. 539**) and to Verizon[2] (**Dkt. No. 550**). Having considered the briefing, the Court **DENIES** both motions.

I. **Background**

On October 31, 2017, Plaintiff Traxcell Technologies, LLC filed its complaint, which alleged infringement of U.S. Patent Nos. 8,977,284 (the "'284 Patent"), 9,510,320 (the "'320 Patent"), 9,642,024 (the "'024 Patent"), and U.S. Pat. No. 9,549,388 (collectively, the "Asserted Patents"). Since at least 2019, Traxcell has urged and re-urged unsupported claims, objections, and arguments.[3] Due to Traxcell's ongoing behavior the Court found this case "exceptional" under 35 U.S.C. § 285 and awarded $784,529.16 in attorneys' fees to Sprint,[4] and $489,710.00 in attorneys' fees to Verizon.[5]

---

[1] Sprint Communications Company, LP, Sprint Solutions, Inc., and Sprint Spectrum, LP (collectively, "Sprint")
[2] Verizon Wireless Personal Communications, LP ("Verizon")
[3] *See* Dkt. Nos. 519, 520 (describing Traxcell's conduct throughout this case).
[4] Dkt. No. 519 at 11, objections overruled and order adopted by Dkt. No. 535 at 3.
[5] Dkt. No. 532 at 1, objections overruled and order adopted by Dkt. No. 545 at 3.

1

On December 5, 2022, Traxcell appealed the award of attorneys' fees to Sprint,[6] and then filed the Motion to Stay Enforcement and Waiver of Appeal Bond or In Alternative a Reduced Bond as to Sprint.[7] Sprint responded on December 19, 2022.[8] On January 19, 2023, Traxcell appealed the award of attorneys' fees to Verizon,[9] and then filed the Motion to Stay Enforcement and Waiver of Appeal Bond or In Alternative a Reduced Bond as to Verizon. Verizon responded on February 3, 2023.[10]

The Court addresses Traxcell's motions together as they raise substantially identical arguments. In both motions, Traxcell requests waiver of the appeal bond under Federal Rule 62(f), or alternatively, a reduction of the bond amount under Federal Rule 62(b).[11]

## II. Law

Rule 62(a) states: "[e]xcept as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise." Fed. R. Civ. P. 62(a). According to Rule 62(b), "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b). Rule 62(b) carries forward the supersedeas bond provisions of former Rule 62(d). Fed. R. Civ. P. 62(b) (committee notes on rules from the 2018 amendment); *see also* 11 Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2905 (3d ed. 2022).

The Fifth Circuit recognizes "[t]he purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove Planting &*

---

[6] Dkt. No. 538.
[7] Dkt. No. 539.
[8] Dkt. No. 544.
[9] Dkt. No. 546.
[10] Dkt. No. 552.
[11] Dkt. No. 539 at 8; Dkt. No. 550 at 9.

*Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190–91 (5th Cir. 1979); *see also NobelBiz, Inc. v. Glob. Connect, L.L.C.*, 2017 WL 11190016, at *2 (E.D. Tex. Feb. 7, 2017) *and Fessler v. Porcelana Corona de Mexico, S.A. de C.V*, , 2020 WL 3498872, at *2 (E.D. Tex. June 29, 2020). Indeed, "[t]he posting of a bond protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment." *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992) (quoting *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988)).

Consistent with Federal Rule 62 and controlling authority, Local Rule CV-62(a) provides: "[u]nless otherwise ordered by the presiding judge, a bond or other security staying execution of a money judgment shall be in the amount of the judgment, plus 20% of that amount to cover interest and any award of damages for delay, plus $250.00 to cover costs."

Nevertheless, there are two circumstances in which a judgment debtor may be relieved from posting a full supersedeas bond pending appeal. First, the requirement that an appellant post bond may be waived in situations where "the losing party 'objectively demonstrates a present financial ability to facilely respond to a money judgment *and* presents to the court a financially secure plan for maintaining the same degree of solvency during the period of the appeal.'" *Enserch Corp. v. Shand Morahan & Co.*, 918 F.2d 462, 464 (5th Cir. 1990) (emphasis added) (quoting *Poplar Grove Planting & Ref. Co.*, 600 F.2d at 1191). Second, a supersedeas bond may be waived where "the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden...." *Poplar Grove Planting & Ref. Co.*, 600 F.2d at 1191. In such instances, the court, in its discretion, may "fashion some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, which would furnish equal protection to the judgment creditor." *Id.* If the full security supersedeas

3

bond requirement is to be waived, however, it is the burden of the moving party to "objectively demonstrate the reasons for such a departure. It is not the burden of the judgment creditor to initiate contrary proof." *Id.*

### III. Analysis

Has Traxcell demonstrated that it is entitled to a waiver of the bond requirement, or in the alternative, a reduction in the bond amount to ten percent of the attorneys' fees owed to each of Sprint and Verizon? The Court holds that it has not, on both counts.

As an initial matter, the Court notes that Traxcell's reliance on Rule 62(f) is misplaced because Rule 62(f) is not relevant to the issues before the Court. *MM Steel v. JSW Steel Inc.*, 771 F.3d 301, 305-06 (5th Cir. 2014). Accordingly, the Court addresses the arguments with respect to Rule 62(b).

In an entirely contradictory manner, Traxcell argues that it should be excused from posting a full bond pending appeal because both circumstances excusing the bond requirement apply to its situation. Traxcell simultaneously argues that it has "substantial assets to satisfy the judgment," and yet, "there is good cause to waive or at the very least reduce" the bond requirement because "[r]equiring the full bond would likely force Traxcell into insolvency."[12] Traxcell purports to establish that "the value of [its] patents have been determined to be in the millions of dollars by several leading experts,"[13] and it has pending lawsuits in other district courts, including the Western District of Texas "where the damages have been assessed in the nine figures."[14] This falls far short of the first circumstance—that Traxcell present its financial ability to facilely respond to a money judgment *and* present to the Court a financially secure plan for maintaining the same

---

[12] Dkt. No. 539 2–3; Dkt. No. 550 2–3.
[13] Dkt. No. 539 at 2; Dkt. No. 550 at 2.
[14] Dkt. No. 539 at 2; Dkt. No. 550 at 2.

degree of solvency during the period of the appeal. As for the second circumstance—that posting full bond would impose an undue financial burden—Traxcell undermines its own argument by asserting it owns assets "valued well in excess of the nominal bond amount."[15]

## IV. Conclusion

For the reasons above, the Court **DENIES** Traxcell's motions for a waiver or reduced bond. Traxcell is **ORDERED** to (1) post bond in the full amount plus 20% in interest and $250.00 in costs (totaling $941,685.00) on behalf of Sprint, and (2) post bond in the full amount plus 20% in interest and $250.00 in costs (totaling $587,902.00) on behalf of Verizon.

**SIGNED this 11th day of February, 2023.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[15] Dkt. No. 539 at 3; Dkt. No. 550 at 3.